WALLACE BROTHERS v. R. M. DOUGLAS.

*United States Deputy Marshals—Assignment of Claims Against the Government.*

1. The matter of the compensation of deputy United States marshals is between them and the marshal and not between them and the Government and therefore the assignment of their claims for compensation against the marshal is not in violation of Section 3477 of the Revised Statutes of the United States.

2. Where a United States marshal accepted a draft on him by his deputy marshal, "payable when I receive funds to the use of the drawer," he became liable when the moneys were placed to his credit though he had not taken manual possession thereof.

CIVIL ACTION, heard before *Bynum, J.*, at May Term, 1894, of IREDELL Superior Court, on exceptions to a report of a referee. The facts and contentions of the parties will be found in the reports of the former appeals contained in

103 N. C., 19, and 114 N. C., 450, and in the opinion of Associate Justice MONTGOMERY. The exceptions to the report were overruled and defendant appealed.

*Messrs. Armfield & Turner,* for plaintiff.
*Mr. R. M. Douglas,* for defendant (appellant).

MONTGOMERY, J. : This is the fourth time this cause has been before the Court. In the report of the first appeal, 103 N. C., 19, can be seen the statement of the contention between the parties.

The referee, at the August Term, 1893, of the Superior Court of IREDELL County, made an amended report, as follows : "1. That the defendant R. M. Douglas was Marshal of the Western District of North Carolina for the years 1878, 1879, 1880 and 1881, and that during said years he had in his employment, as Deputy Marshals, J. T. Patterson, Jr., W. J. Patterson and S. P. Graham.

"2nd. That on the 4th day of December, 1879, J. T. Patterson, Jr., drew a draft on defendant in favor of himself for $200.00 (two hundred dollars) and endorsed by him on same day to Blantno & Dryant and subsequently purchased by the plaintiffs, who are now owners thereof, and that on the —— day of —— 188— the plaintiffs presented said draft to the defendant for payment, who accepted the same conditionally by writing across the face thereof the following :

"Accepted, payable when I receive funds to the use of J. T. Patterson, Jr.                    R. M. DOUGLAS,
                                                U. S. Marshal."

"3rd. That on the 16th day of November, 1881, W. J. Patterson drew a draft on defendant for $325.00 (three hundred and twenty-five dollars) payable to himself and on said day endorsed by him and accepted by the defendant

conditionally by writing across the face thereof the following:

"Accepted, payable when I receive funds to the use of W. J. Patterson.      Signed,      R. M. DOUGLAS,
                                                        U. S. Marshal."

"And that the plaintiffs are now the owners thereof.

"4th. That neither of the foregoing drafts have been paid, nor any part thereof.

"5th. That the defendant, Douglas, has had placed to his credit in the Treasury Department of the United States the sum of $460.76 on claims due him for services of J. T. Patterson, Jr., performed prior to the acceptance of his said draft and the aforesaid sum of $460.76 was not subject to any previous order or money advanced by the defendant to J. T. Patterson, Jr., and that the same was placed to his credit and control since the acceptance of said draft.

"6th. That said Defendant Douglas has had placed to his credit and control in the Treasury Department in Washington, D. C., the sum of $2,274.55 due him for service of W. J. Patterson rendered prior to the acceptance of the aforesaid draft for $325.00 and that the same was not subject to any previous draft or monies advanced by the defendant to the said W. J. Patterson, except a draft for $100.00 and one for $500.00, and that the aforesaid sum of $2,274.55 was placed to the credit and control of the defendant since the acceptance of said draft.

"7th. That the amount of the claim which S. P. Graham traded to the plaintiffs on the 25th day of October, 1881, was $98.82 for services rendered by said Graham as Deputy Marshal to the defendant and sworn to before J. C. Anderson, U. S. Commissioner, on the 20th day of October, 1881, and that the same was presented to defendant by the plaintiffs, which he agreed to pay, and of the aforesaid claim $95.62 has been placed to the credit and control of

the defendant in the Treasury Department at Washington, D. C., since the acceptance of said claim by defendant, the remainder of said claim having been allowed by the government. That the voucher so traded to the plaintiffs was for services rendered prior to said acceptance and before the same was transferred to the plaintiffs. And the further sum of $2,858.76 was placed to the defendant's credit and control in the Treasury Department for services rendered by said Graham, and out of that sum the defendant has received $900.00, leaving $1,958.76 to the credit of the defendant since said acceptance.

"8th. The referee finds as a further fact that the aforesaid amounts, when added together, make a sum total of $620.62.

"From the foregoing facts I find the following conclusions of law:

"1st. That the amount of money placed to the credit and control of the defendant in the Treasury Department at Washington, D. C., as found above and which are largely in excess of the plaintiffs' claims are subject to the payment of the drafts sued on to the full amount of the same with interest thereon at 6 per cent. from the 17th day of July, 1885, at which time this action began, till the 7th day of August, 1893, which amount to $318.55, added to the principal make a sum total of $939.17, which I find as a conclusion of law that the plaintiffs are entitled to judgment against the defendant and for costs of action. All of which, together with the evidence introduced by both parties and the rulings as to the competency of evidence, is respectfully submitted, this 7th day of August, 1893."

At May Term, 1894, when the case was called for hearing, the defendant made the following motions: "That the action be dismissed for that the complaint and evidence in the case disclose that all the drafts and accounts herein

declared on were drawn on claims, or an interest in claims, against the United States before their allowance, and are therefore null and void under the Statutes of the United States; the defendant further moves that the action be dismissed because the referee does not find that any sums of money have been *paid* to the defendant." The motions were overruled and the defendant excepted. The Court then proceeded to consider the case on the report and exceptions. The exceptions were not sustained, the findings of the referee were adopted and confirmed, and the following judgment was rendered :

"This action coming on for hearing before *Bynum, Judge*, at May Term, 1894, of IREDELL Superior Court, upon the report of H. Bingham, Esq., and exceptions thereto, and the decision of the Supreme Court, passing upon the judgment of *Whitaker, Judge*, heretofore rendered at November Term, 1893, of this Court.

"The defendant's exceptions 4, 6, 7, 9 and 12, not heretofore passed upon, are overruled, and the opinion of the Supreme Court overruling exceptions 1, 2, 3 and 11 is hereby adopted.

"The Court adopts the findings of the referee upon his findings of fact, holding as matter of law, the records A, B and C. " AA " being admitted by the Supreme Court as competent testimony, was sufficient to sustain the findings of fact by the referee in his findings 5, 6, 7 and 8, when plaintiff moved for judgment against defendant because of his negligence in not collecting said sums due him as Marshal for services of plaintiffs' assignors, which the referee finds had been allowed defendant and placed to his credit and control, which motion was allowed by the Court. Whereupon, upon motion of plaintiffs' counsel, Messrs. Armfield and Turner, it is considered and adjudged by the Court that the plaintiffs Wallace Bros. recover of the defendant R. M.

Douglas the sum of $961.50, with interest on $620 at six per cent. per annum from May 21, 1894, till paid.  It is further considered that the plaintiffs recover of the defendant their costs of this action, to be taxed by the Clerk of this Court, except the sum of one hundred dollars allowed to H: Bingham, Esq., for taking and stating the account in this case, which is to be divided, the plaintiff paying $50 and the defendant paying $50 thereof as heretofore adjudged."

To the judgment the defendant excepted for the reason, as he alleges, that it shows that no funds had been *received* by the defendant to the use of J. T. Patterson, Jr., W. J. Patterson, or on the account of S. P. Graham, and that therefore the plaintiffs are not entltled to any judgment on the claim.  He also excepts to the judgment on the ground "that plaintiffs cannot maintain the action and make any recovery against defendant for the reason that the alleged causes of action are unlawful, for that the drafts and account declared on are based upon and assign an interest in claims against the United States before the allowance of the claim by the Treasury Department of the United States in violation of section 3477 U. S. Revised Statutes.

His Honor properly refused to dismiss the action for the first cause assigned therefor.  The matter of the compensation of the deputies Marshal of the defendant is between them and the marshal and not between them and the Government, and therefore the assignment of their claims for compensation against the Marshal is not in violation of Section 3477 of the Revised Statutes of the United States. *Wallace* v. *Douglas*, 103 N. C., 19.

The second cause assigned for the dismissal of the action was properly refused.  It was not necessary for the defendant to have received the manual possession of the money which had been placed to his credit and under his control

in the Treasury Department at Washington for the services of his deputies, to fix him with liability on the acceptances which he had made for them. For whatever reason the defendant had failed or refused to make his settlement with the Government, his deputies had no concern. Their compensation, though due to them by the defendant, was audited and passed upon by the proper Government officials and put to the credit and under the control of the defendant; and upon that having been done, there was a receiving by the defendant of the funds; so far as he and his deputies were concerned, the defendant became liable to them, and as a consequence to their assignees, the plaintiffs.

The exceptions to the judgment cover the same grounds as do the motions to dismiss, and they are not sustained here.

There is no error in the judgment, even if it be conceded that the Court, in rendering it, gave a wrong reason therefor.

　　　　　　　　　　　　　　　　　　　No Error.

FURCHES, J., having been of counsel, did not sit on the hearing of this case.