[No. 4533. Decided February 21, 1903.]

C. W. NELSON *et al., Respondents,* v. NELSON BENNETT COMPANY, *Appellant.*

BILLS OF EXCHANGE — WAIVER OF NECESSITY FOR WRITTEN ACCEPTANCE — FAILURE OF PROOF.

In an action by plaintiffs upon an unaccepted order for the payment of money, which, under Laws 1899, p. 362, § 126 *et seq.,* would not bind the drawee unless accepted in writing, it was error to refuse a directed verdict in defendant's favor, where the allegations of the complaint as to an agreement obviating the necessity for a written acceptance were wholly unsupported by evidence.

COSTS — JURY FEE IN CIVIL CASES — REPEAL OF STATUTE.

The act of 1857 providing that a jury fee of $12 shall be taxed as costs in civil actions was impliedly repealed by the

general act on the subject of fees and costs, found in Laws 1893, p. 421, which enumerates the fees to be collected by clerks of superior courts, expressly stating that certain fees shall be collected in causes tried by a jury, but nowhere specifying a jury fee among them.

Appeal from Superior Court, Chehalis County.—Hon. MASON IRWIN, Judge. Reversed.

*F. L. Morgan,* for·appellant.

*J. C. Cross,* for respondents.

*W. B. Stratton,* Attorney General, as *amicus curiae.*

The opinion of the court was delivered by

HADLEY, J.—This action was instituted by the respondents as a copartnership, against the appellant, a corporation. The amended complaint alleges that a certain copartnership, known as Mounce & Blue, for value received, made and delivered to the respondents a certain writing, of which the following is a copy:

"Aberdeen, Wash., October 3rd, 1901.

"For value received we hereby sell and assign to Nelson and Brecht five hundred and fifty-two 59-100 dollars of any money due or to become due us from Nelson Bennett Co. on account of our contract with them in the construction of railroad work. And we hereby request the said Nelson Bennett Co. to pay to Nelson and Brecht the said sum of $552.59 dollars out of any money due or to become due us on account aforesaid and to charge same to our account."

It is further alleged that said writing was by respondents presented to appellant, and payment thereon demanded, but that appellent refused to pay the same or any part thereof; that at the time of the execution of said writing, and at the time of making the demand aforesaid, the appellant was indebted to said Mounce & Blue

in a sum sufficient to pay and discharge the amount specified in said writing; that appellant was indebted to said Mounce & Blue on account of work and labor performed for, and material furnished to, appellant by said Mounce & Blue, under an agreement therefor between appellant and said firm, whereby the proceeds arising from said work, labor, and material should be paid by appellant to said firm, or their order, in such sum or sums and to such person or persons as to said firm might seem right and proper, the appellant to charge the amount of such orders to said firm and against any moneys due them under their contract aforesaid. Judgment is demanded against appellant for the amount stated in said writing. Other causes of action were also stated in the amended complaint, but at the trial the court granted a nonsuit as to all causes of action except the first, and in this appeal only matters connected with the first cause of action are to be reviewed. A demurrer to the amended complaint as above set forth was overruled. Issue was joined, and a trial was had before a jury, resulting in a verdict in favor of respondents for the sum of $552.59. Judgment was entered upon the verdict of the jury, and from said judgment this appeal is taken.

It is assigned that the court overruled the demurrer to the amended complaint, and also that the court erred in refusing to instruct the jury to return a verdict for the defendant. It is urged by appellant that the writing set forth in the complaint as the basis of the action is an order or bill of exchange within the meaning of the act relating to negotiable instruments, as described in § 126, at page 362, of the session laws of Washington for 1899, and that no liability of appellant could arise thereon unless the same had been accepted by appellant as provided by § 127 of the same act. Section 132 of the said act of 1899

(Laws 1899, p. 363) provides that the acceptance of a bill of exchange must be made in writing whereby the drawee assents to the order of the drawer. The complaint does not allege an acceptance in writing, and, unless its allegations are sufficiently broad to charge appellant with liability upon some theory other than that of a strict bill of exchange under our statute, it is insufficient against demurrer. It is alleged, however, that there was an agreement between the drawers of this paper and the appellant by which the drawers were to do certain work for appellant, and the appellant was to pay them or their order in such sums as they might direct within any amount due them. It is not alleged whether the agreement was oral or written, but it is averred that the terms with reference to the payment on orders were a part of the agreement under which the work was done. Because of the averments last mentioned, the complaint may state facts with reference to an agreed course of dealing which are sufficient to charge appellant as against demurrer. The question presented by the demurrer is, however, a close one. In view of what we shall hereinafter say, we may assume for the present, but we do not actually decide, that the complaint states a cause of action.

It will be remembered, as above stated, that the pleader skillfully avoided any description of the contract mentioned in the complaint by which it could be determined from the face of the complaint whether the contract was oral or written, but it was alleged that, as a part of the contract for doing the work, appellant agreed to make payments upon the orders of Mounce & Blue. However, after the evidence was introduced at the trial, and at the time the request was made for an instruction that the jury should return a verdict for appellant, it had appeared that the contract between appellant and Mounce & Blue

was in writing. Nothing is said in the written contract about payment by appellant upon orders. The contract provides only for direct payment to Mounce & Blue at prices therein specified. There was evidence introduced, over appellant's objection, to the effect that some subsequent verbal understanding may have been had upon the subject of payment upon orders, but that evidence, we think, was improperly admitted, and cannot be held to support the allegation of the complaint that it was all a part of one agreement, when it appeared that the agreement was in writing and that the writing contained no such provisions. Granting, therefore, that the complaint states a cause of action, its allegations were not sustained by the proof in the particular mentioned, and recovery cannot be had upon the theory that there was a general agreement by appellant to accept and pay orders issued by Mounce & Blue. If the written instrument described in the complaint is an order only, then it comes within the provisions of our statute relating to negotiable instruments, and recovery cannot be had in this action, for the reason that it was never accepted in writing by appellant as required by the statute. Respondents' counsel seems to concede that the instrument is an order, and we think it must be so regarded. The fact that the word "assign" is used does not change the character of the instrument from an order to an ordinary assignment. Every bill of exchange may be said to be an assignment *pro tanto* of a designated fund. We therefore think the court erred in its refusal to instruct the jury to return a verdict for the defendant.

It is assigned as error that a jury fee of $12 was taxed against appellant as part of the costs. Appellant's counsel leaves this matter with the simple statement that such costs are unauthorized in law, and does not even cite the law

under which the lower court holds that such costs should be paid. Respondents' counsel, however, is kind enough to refer us to the statute upon which the superior court bases its ruling, and the attorney general has kindly filed a brief upon this subject as *amicus curiae* of the trial court and also of this court, since the question presented is one of general public interest. We are referred to an act entitled, "An act to establish the amount, and provide for the payment of costs in certain cases," approved January 28, 1857. Section 7 (Laws 1857, p. 20) of that act provides that in civil actions the party in whose favor a verdict shall be returned shall, before the same is recorded, pay to the clerk the sum of $12, which may be taxed against the opposite party as part of the costs. We believe, however, that this statute has been repealed. There have since been passed several general acts regulating fees and costs, but without discussing them severally, we refer to the general act of 1893 upon this subject, found in the Session Laws of 1893, at page 421 *et seq.* That act names the fees that shall be collected by clerks of the superior courts. No so-called jury fee is specified in the act, but specific fees to be collected are enumerated, and in subdivisions 3 and 4 of § 2 of the act it is specifically stated that certain fees shall be collected by the clerk in causes tried by a jury. The act contains a general repealing clause. It purports to be a general act upon the subject of fees and costs. It is the latest expression of the legislative will upon the subject. And we think the provisions above mentioned for fees to be collected in jury causes were intended by the legislature to supersede all former laws upon the subject. We believe its provisions must be held, at least impliedly, to repeal the former law. We therefore think it was error to tax the jury fee of $12.

For the reasons stated, the judgment is reversed, and the

cause remanded with instructions to the lower court to enter judgment dismissing the action.

FULLERTON, C. J., and MOUNT, DUNBAR and ANDERS, JJ., concur.