[No. 4938. Decided February 17, 1905.]

WILLIAM WADHAMS *et al., Appellants,* v. PORTLAND, VANCOUVER & YAKIMA RAILWAY COMPANY, *Respondent.*[1]

BILLS AND NOTES—ORDERS—ACCEPTANCE IN WRITING—COMPLAINT —SUFFICIENCY. A complaint in an action upon an order or bill of exchange is insufficient, and a demurrer thereto is properly sustained for want of sufficient facts, where it fails to allege that the acceptance of the order by defendant was in writing, under Laws 1899, p. 363, §127, providing that there shall be no liability until the drawee has accepted the bill, and (§ 132) that such acceptance must be in writing.

Appeal from a judgment of the superior court for Clarke county, Miller, J., entered July 22, 1903, upon sustaining a demurrer to the complaint, in an action upon an order. Affirmed.

*Cotton, Teal & Minor* and *W. C. Bristol,* for appellants. The order constitutes an equitable assignment and transferred to the appellant any funds belonging to the construction company then in the possession of the respondent. Bal. Code, §§ 4793, 4835; *Dickerson v. Spokane,* 26 Wash. 292, 66 Pac. 381; *Barto v. Seattle etc. R. Co.,* 28 Wash. 179, 68 Pac. 442. Formerly there were two well supported conflicting rules on this subject, viz: First, that a bill of exchange of itself operates as an equitable assignment of funds in the hands of the drawee, without designating the funds. *Kahnweiler v. Anderson,* 78 N. C. 143; *Lee v. Robinson,* 15 R. I. 369, 5 Atl. 290; *Blin v. Pierce,* 20 Vt. 25; *Gardner v. National City Bank,* 39 Ohio St. 600; *Fonner v. Smith,* 31 Neb. 107, 47 N. W. 632, 28 Am. St. 510; *Brady v. Chudbourne,* 68 Minn. 117, 70

N. W. 981; *Foss v. Five Cents Sav. Bank,* 111
Mass. 285; *Moore v. Robinson,* 35 Ark. 293.    Second,
that a bill of exchange operates as an equitable assignment
only under special circumstances, and when the fund is
designated.  *Brill v. Tuttle,* 81 N. Y. 454, 37 Am. Rep.
515; *Throop Grain Cleaner Co. v. Smith,* 110 N. Y. 83,
17 N. E. 671; *Fourth St. Nat. Bank v. Yeardley,* 165 U.
S. 634, 17 Sup. Ct. 439; *First Nat. Bank of Canton v.
Dubuque etc. R. Co.,* 52 Iowa 378, 3 N. W. 395, 35 Am.
Rep. 280; *Bank of Commerce v. Bogy,* 44 Mo. 13, 100
Am. Dec. 247; *Ehrichs v. De Mill,* 75 N. Y. 370; *Noe
v. Christie,* 51 N. Y. 270; *Hall v. Flanders,* 83 Me. 242, 22
Atl. 158; *Schmittler v. Simon,* 101 N. Y. 554, 5 N. E.
452, 54 Am. Rep. 737; *Des Moines County v. Hinkley
etc.,* 62 Iowa, 637, 17 N. W. 915; *Papincau v. Naumkeag
etc. Co.,* 126 Mass. 372; *Sears v. Lawrence,* 15 Gray
(Mass.) 267; *Rogers v. Union Stone Co.,* 130 Mass. 581,
39 Am. Rep. 478; *Coyle's Executrix v. Saterwhite's Adm'r,*
4 T. B. Mon. (Ky.) 124; *Bull v. Bank of Kasson,* 123
U. S. 105, 8 Sup. Ct. 62; *Wadlington v. Covert,* 51 Miss.
631.    The object of the negotiable instrument law was not
to entirely change the law, but to harmonize the general
law by adopting the second rule, and by obviating such
conflicts between the state and federal jurisdictions as is
illustrated by *Coddington v. Bay,* 20 Johns. 637, 11 Am.
Dec. 342, and *Swift v. Tyson,* 16 Peters 1; or by *Coulter
v. Richmond,* 59 N. Y. 478, and *Good v. Martin,* 95 U.
S. 90.    In no jurisdiction has it ever been held that a bill
of exchange could not under any circumstance operate as
an equitable assignment.    Byles, Bills and Notes (8th ed.,
Wood's), pp. 31, 32; Daniel, Negotiable Inst. (3d ed.),
pp. 15-23; Tiedeman, Commercial Paper (1889), pp.
4-18.    The negotiable instrument law was not intended to
render void all equitable assignments not manifested in

the form of a bill of exchange.  *Nelson v. Nelson Bennett Co.*, 31 Wash. 116, 71 Pac. 749.  Under the special circumstances alleged there was an equitable assignment and an established privity between the plaintiff and the railroad company, absolutely binding the company to properly apply the funds in its hands.  *McDaniel v. Maxwell*, 21 Ore. 202, 27 Pac. 952, 28 Am. St. 740; *Willard v. Bullen*, 41 Ore. 25, 67 Pac. 924, 68 Pac. 422; *Wadhams & Co. v. Inman, Poulsen & Co.*, 38 Ore. 143, 63 Pac. 11; *Erickson v. Inman*, 34 Ore. 44, 54 Pac. 949; *Seattle v. Liberman*, 9 Wash. 276, 37 Pac. 433; *Dowling v. Seattle*, 22 Wash. 592, 61 Pac. 709; *Central Nat. Bank of Pueblo v. Spratlen*, 7 Colo. App. 430, 43 Pac. 1048; *Ruple v. Bindley*, 91 Pa. St. 296; *McLellan v. Walker*, 26 Me. 114; *First Nat. Bank of Wellsburg v. Kimberlands*, 16 W. Va. 555; *Beaumont Lumber Co. v. Moore* (Tex. Civ. App.), 41 S. W. 180; *Harris County v. Campbell*, 68 Tex. 22, 2 Am. St. 467; *Doty v. Caldwell* (Tex. Civ. App), 38 S. W. 1025; *Hutchinson v. Simon*, 57 Miss. 628; *James v. Newton*, 142 Mass. 366, 8 N. E. 122, 56 Am. Rep. 692; *Lowery v. Steward*, 25 N. Y. 239, 82 Am. Dec. 346; *Izzo v. Ludington*, 79 N. Y. Supp. 744; *Warren v. First Nat. Bank*, 149 Ill. 9, 38 N. E. 122, 25 L. R. A. 746; *Griggs v. St. Paul*, 56 Minn. 150, 57 N. W. 461; *Slobodisky v. Curtis*, 58 Neb. 211, 78 N. W. 522; *Thomas v. Exchange Bank*, 99 Iowa 202, 68 N. W. 780, and cases *supra*.

*B. S. Grosscup*, for respondent.

DUNBAR, J.—The complaint alleges, in substance, that the defendant, the Portland, Vancouver & Yakima Railway Company, and the Western Construction Company, as parties of the first and second parts respectively, entered into a contract or agreement in writing, whereby, among other things, the Western Construction Company agreed to

execute, construct and finish the clearing and grubbing
and other works necessary to prepare a road bed and struc-
ture for the reception of the ties and rails on a certain part
of the railway of the Portland, Vancouver & Yakima Rail-
way Company, in the state of Washington; that thereafter
the Western Construction Company entered upon the per-
formance of its contract, and that the plaintiffs supplied
said Western Construction Company with provisions, at
its instance and request, aggregating the agreed value of
$1,718.60; that thereafter the Western Construction Com-
pany issued and delivered to the plaintiffs its written order
and assignment of moneys due it from and upon the Port-
land, Vancouver & Yakima Railway Company, wherein
and whereby it set over, and directed to be paid, to plain-
tiffs, and their order, the sum of $1,718.60, in full of all
accounts and moneys, then in the hands of the Portland,
Vancouver & Yakima Railway Company, due and to be-
come due to it, said Western Construction Company; that
thereafter the plaintiffs presented said order to the Port-
land, Vancouver & Yakima Railway Company, and de-
manded payment of the same, and the said Portland, Van-
couver & Yakima Railway Company did receive and ac-
cept said order, and promised and agreed with said plain-
tiffs to retain, out of the money due and to become due to
the Western Construction Company under said contract,
and to pay the plaintiffs, the sum of $1,718.60, the amount
of said order; that, at the time said order was presented,
there was money due and to become due, to the construc-
tion company from said railway company, a sum largely
in excess of the said sum of $1,718.60; that thereafter,
with full notice and knowledge of the fact that the plain-
tiffs were the holders of said order, and the assignees of
the Western Construction Company to the amount thereof,
the Portland, Vancouver & Yakima Railway Company set-

tled with the Western Construction Company, and paid
to it, and upon its order, large sums of money, the exact
amount of which these plaintiffs do not know, but allege
that the sums so paid were more than sufficient to cover the
amount of said order of plaintiffs, and in a sum greater
than $1,718.60; that the plaintiffs have frequently de-
manded payment of said sum of $1,718.60 from the Port-
land, Vancouver & Yakima Railway Company; that said
defendant has withheld the same, and has not paid the said
sum, nor any part thereof.    To this amended complaint
the defendant demurred, on the ground that it appears
upon the face thereof that the said amended complaint
fails to state facts sufficient to constitute a cause of action
against the defendant.    The demurrer was sustained by
the court and, the plaintiffs declining to plead further, the
judgment was entered dismissing the cause; from which
judgment this appeal is prosecuted.

A very earnest and learned brief is filed by the appellants
in this case, to sustain their claim that the court erred in
sustaining the demurrer interposed to the complaint.    But
we think the judgment of the court is sustained by the
case of *Nelson v. Nelson Bennett Co.,* 31 Wash. 116, 71
Pac. 749.    Section 127, p. 363, of the Laws of 1899, in
the interpretation of bills of exchange, provides that a bill
of itself does not operate as an assignment of the funds in
the hands of the drawee available for the payment thereof,
and the drawee is not liable on the bill unless and until he
accepts the same; and § 132 defines acceptance in the fol-
lowing language:

"The acceptance of a bill is the signification by the
drawee of his assent to the order of the drawer.    The ac-
ceptance must be in writing and signed by the drawee."

In *Nelson v. Nelson Bennett Co., supra,* the action was
upon an unaccepted order for the payment of money.    In

that case there was an attempt to support the order described in the complaint by an allegation to the effect, in substance, that there was a contract between the drawer and the drawee, by the terms of which the drawer agreed to pay for the work in orders, and that the order in question was drawn in pursuance of that contract.    Upon this statement in the complaint, it was assumed by this court, without deciding, that the allegation might support the action stated; but when the whole record was presented, and it was found that the allegation of the complaint relating to the contract was not supported by competent proof, and that all that was left as a basis of the action was the unaccepted order, it was held that no cause of action existed, for the reason that the demands of the statute had not been met by an acceptance of the order in writing.

We are satisfied with that decision, and the judgment in this case will, therefore, be affirmed.

MOUNT, C. J., FULLERTON, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.