[No. 6374.   Decided September 6, 1907.]

FREDERICK & NELSON, *Plaintiff*, v. SPOKANE GRAIN COMPANY, *Appellant*, and E. B. McGILL, *as Trustee, etc.*, *Respondent*.[1]

BILLS AND NOTES—ACCEPTANCE—WRITING—ASSIGNMENTS—STATUTES—CONSTRUCTION. Under Laws 1899, p. 362, § § 126, 127, defining a bill of exchange to be a signed order requesting another to pay a sum to a third person, and providing that it does not operate as an assignment or create any liability until accepted in writing, an order requesting that sums due or to become due to the drawer from the drawee, be paid to a third person, does not amount to an equitable assignment of the funds or render the drawees liable thereon until the order is accepted by them in writing.

Appeal from a judgment of the superior court for King county, Neterer, J., entered April 30, 1906, after a trial before the court without a jury, in an action of interpleader, awarding a deposit in court to one of the defendants. Affirmed.

*James McNeny*, for appellant.
*Samuel Morrison*, for respondent.

MOUNT, J.—Prior to August 10, 1905, one James Madsen was conducting a boarding stable for horses in the city of Seattle. He had an agreement with Frederick & Nelson to feed for them about twenty-four head of horses, at the price of $18 per head per month. It was customary for Frederick & Nelson to pay their bill for each month about the 5th of the succeeding month. On or about August 10, 1905, the Spokane Grain Company agreed to furnish Madsen with hay and grain for an indefinite time. Thereupon Madsen executed and delivered to the Spokane Grain Company the following order:

"August 10, 1905.

"Frederick & Nelson, City.

"Gentlemen:—Please pay to Spokane Grain Company at the end of each month the amount due me for boarding your

[1]Reported in 91 Pac. 570.

horses. Their receipt shall serve as a receipt from me. Pay them what will be due me for the month of August. Also pay them all moneys that will be due me each successive month until otherwise notified by the Spokane Grain Company.

                    "Yours very truly,
                    "Club Stables, by James Madsen, Proprietor."

Thereafter, up to August 29, 1905, the Spokane Grain Company sold and delivered to Madsen, hay and grain to the value of $451.50. During the month of August, 1905, Frederick & Nelson's bill with Madsen amounted to $440.90. The existence of the above-mentioned order was not known to Frederick & Nelson, and was not presented to them for acceptance and payment until August 31, 1905, at which time payment was refused for the reason that the amount due Madsen from Frederick & Nelson had been previously garnisheed in an action on a promissory note for $315.60, wherein E. B. McGill was plaintiff and Madsen was defendant. Madsen was afterwards, on September 6, 1905, declared a bankrupt, and E. B. McGill was appointed trustee in bankruptcy. Thereafter the Spokane Grain Company notified Frederick & Nelson not to pay to McGill as trustee in bankruptcy the money garnisheed in their hands. Frederick & Nelson thereupon filed a complaint in interpleader under the statutes, and upon paying into court the amount they owed Madsen, were released from liability. The case was then contested as to whether the trustee in bankruptcy or the Spokane Grain Company was entitled to the fund. The trial court held that the former was entitled to the money. From a judgment to that effect, this appeal is prosecuted by the Spokane Grain Company.

The appellant contends that the order set out above was not a draft or bill of exchange the acceptance of which is required to be in writing, but was an order drawn on a particular fund, covered the amount of the fund drawn upon, and amounted to an equitable assignment *in praesenti* of the fund, notwithstanding it had not been accepted by the drawee, and some au-

thorities are cited which apparently sustain this position. But our statute seems to place the question beyond controversy, for it provides:

"A bill of exchange is an unconditional order in writing addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay on demand or at a fixed or determinable future time a sum certain in money to order or to bearer. A bill of itself does not operate as an assignment of the funds in the hands of the drawee available for the payment thereof, and the drawee is not liable on the bill unless and until he accepts the same." Laws 1899, p. 362, §§ 126, 127.

These sections are plain, and it follows therefrom that the mere delivery of the order by Madsen to the Spokane Grain Company did not operate as an assignment of the funds in the hands of Frederick & Nelson, nor would Frederick & Nelson be liable on the order until it was accepted by them in writing. *Nelson v. Nelson Bennett Co.*, 31 Wash. 116, 71 Pac. 749; *Wadhams v. Portland etc. R. Co.*, 37 Wash. 86, 79 Pac. 597. This being true, it follows that the appellant had no title or claim upon the fund after it was garnisheed or paid into court by Frederick & Nelson. The judgment of the lower court must therefore be affirmed.

HADLEY, C. J., FULLERTON, CROW, RUDKIN, and DUNBAR, JJ., concur.