[No. 11084.  Department One.  July 14, 1913.]

JOHN H. SHEETS, *Appellant*, v. COAST COAL COMPANY *et al.*,
*Respondents.*[1]

BILLS AND NOTES—BILL OF EXCHANGE—ACCEPTANCE—ORDERS.—
STATUTES—CONSTRUCTION.  An order by an employee in a mine
authorizing the employer to deduct one dollar per month from the
monthly wage to pay for the services of Dr. S., as mine physician,
is a bill of exchange, upon which there is no liability until accepted
in writing, under Rem. & Bal. Code, § 3516, providing that a bill of
exchange is an unconditional signed order requiring the drawer to
pay money to order or bearer, and Id. §§ 3517 and 3522, providing
that the drawee is not liable unless he accepts the same in writing.

MASTER AND SERVANT—MEDICAL ATTENDANCE—PHYSICIANS AND SUR-
GEONS—EMPLOYMENT.  A physician who obtained a number of orders
from employees of a mining company, authorizing the company to
deduct one dollar a month from their wages to pay a mine physician,
who failed to recover on the orders because they were not accepted
as required by law, cannot question the validity of an election, fairly
conducted, by which a majority of all the employees chose another
physician for the position and contracted with him for medical
attendance upon all employees contributing thereto.

Appeal from a judgment of the superior court for Pierce
county, Clifford, J., entered June 28, 1912, upon findings in
favor of the defendants, in an action on contract.  Affirmed.

*Walter M. Harvey*, for appellant.

*Williamson, Williamson & Freeman*, for respondent Coast
Coal Company.

*Ray & Dennis*, for respondent United Mine Workers of
America.

PARKER, J.—The plaintiff, a practicing physician, seeks
recovery from the Coast Coal Company, a coal mining cor-
poration, upon a number of orders signed by its employees
for the payment of portions of their wages, in form as follows:

[1]Reported in 133 Pac. 433.

"Spiketon, Wash............:.....1911.
"Coast Coal Co.: You are hereby authorized to deduct
One Dollar per month from my monthly pay, to pay for the
services of Dr. Sheets as mine doctor. Signed............"

These orders the plaintiff claims the coal company accept-
ed and agreed to pay. The coal company answered, denying
that it accepted or agreed to pay the orders, and further
pleaded, in substance, that it had collected by common con-
sent from each of its employees $1 per month by deducting
the same from their wages for the purpose of paying a mine
physician; that the fund so collected is claimed by the hos-
pital board of Local No. 2869, Mine Workers of America, a
union of which nearly all of the coal company's employees
are members, for the purpose of paying the same to Dr.
William H. Douglas, whom the union claims to be the duly
chosen mine physician by the employees and to whom the
sums are payable; that it has the amount so collected in its
possession, and being unable to determine to whom it is le-
gally payable, prays for an order requiring the union to ap-
pear in the action and set forth its claims thereto, and that
the court render judgment designating the party to whom
the fund shall be paid. Thereupon, the union intervened in
the action, set forth its claim to the fund as the employer of
Dr. William H. Douglas as the mine physician, claiming
authority to so employ Dr. Douglas by virtue of an agree-
ment with the coal company and by virtue of an election of
Dr. Douglas as such physician by vote of the employees of
the company, including the employees not members of the
union as well as the employees who are such members. A
trial before the court resulted in a finding and judgment
in favor of the coal company and the union, from which the
plaintiff has appealed.

Counsel for appellant seems to rest his claim against the
coal company entirely upon the giving of the orders, a copy
of which we have quoted, and the claimed acceptance thereof
by the coal company. Considerable evidence was introduced

bearing upon the question of the acceptance of these orders by the coal company. We would be inclined to regard this evidence as insufficient to establish the fact of acceptance by the coal company even if oral acceptance by the coal company would, under our law, render it liable for the payment of such orders. However that may be, it seems plain to us that these orders are, in substance, bills of exchange as defined by Rem. & Bal. Code, § 3516 (P. C. 357 § 251), as follows:

"A bill of exchange is an unconditional order in writing addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay on demand or at a fixed or determinable future time a sum certain in money to order or to bearer."

The manner in which the drawee may bind himself to pay such an order is limited by the provisions of Rem. & Bal. Code, §§ 3517, 3522 (P. C. 357 §§ 253, 263), as follows:

"A bill of itself does not operate as an assignment of the funds in the hands of the drawee available for the payment thereof, and the drawee is not liable on the bill unless and until he accepts the same."

"The acceptance of a bill is the signification by the drawee of his assent to the order of the drawer. The acceptance must be in writing and signed by the drawee."

These provisions of our statutes have been noticed and given effect by this court in the following cases: *Nelson v. Nelson Bennett Co.*, 31 Wash. 116, 71 Pac. 749; *Wadhams v. Portland, Vancouver & Yakima R. Co.*, 37 Wash. 86, 79 Pac. 597; *Frederick & Nelson v. Spokane Grain Co.*, 47 Wash. 85, 91 Pac. 570. No evidence whatever of an acceptance of these orders in writing by the coal company was introduced. It follows that appellant cannot recover from the coal company upon the theory of his complaint.

We are unable to understand from the record that appellant is claiming recovery upon any other theory than that of the giving and acceptance of these orders; but if we as-

sume that he is entitled to be heard upon the question as to whether he or Dr. Douglas is the duly chosen physician of the employees, we are met with the fact that, at an election held for that purpose, which manifestly was fairly conducted, and where all of the employees were entitled to vote, whether members of the union or not, and where nearly all of them did vote, Dr. Douglas received a clear majority of such votes over appellant; in pursuance of which election the contract was entered into between the union and Dr. Douglas for a period of one year, which entitled all of the employees, whether union members or not, to his services. Some considerable argument is indulged in touching the authority of the union to enter into this contract with Dr. Douglas. We think, however, there is sufficient evidence in the record, especially as against the claims of appellant, to warrant the conclusion that Dr. Douglas was employed by the union at the instance of the coal company and thereby became the duly chosen mine physician for the benefit of all of the employees. The orders upon which appellant rests his claim were obtained from a number of the employees during a period of about a month following the election. We think that appellant, having failed to make sufficient showing entitling him to recover upon the theory of his complaint, has no standing to question the binding force of the choosing of Dr. Douglas by the election as the mine physician. There is no question but that the $1 per month was retained from the wages of each of the employees, for the purpose of paying a mine physician, by consent of all the employees and in pursuance of the custom obtaining there, and the physician having been fairly chosen and contracted with for the service to be rendered, appellant cannot defeat the validity of such choosing by the method he invokes. It is plain that the coal company did not collect any of the funds by authority of these orders, but by common consent of all of the employees, who so paid $1 each, monthly, and in pursuance of the prevailing custom. No employee was obliged to pay; in fact, some did not do so; but

as to all who did so voluntarily pay, appellant is in no position to challenge the method adopted by the coal company and the union for choosing a physician.

The judgment is affirmed.

Gose, Mount, and Chadwick, JJ., concur.