In re YUNGBLUTH et al.

(District Court, W. D. Washington, N. D.   November 29, 1913.)

No. 3,625.

1. ASSIGNMENTS (§ 50*)—BANK DRAFT—EQUITABLE ASSIGNMENT.

The issuance of a check or bill against the funds in a bank does not in general, in the absence of unusual circumstances, effect an equitable assignment of the funds in the bank on which it is drawn, either at common law or under the express provisions of Rem. & Bal. Code Wash. § 3579.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 99–105; Dec. Dig. § 50.*]

2. ASSIGNMENTS (§ 50*)—DRAFTS—EQUITABLE ASSIGNMENT.

Claimant, having funds on deposit in the bankrupts' bank, applied for $400 November 6, 1907, when the bank was insolvent, but in fact had $448.84 in its vault. The bank manager falsely informed claimant that he did not have the money, but offered a draft on D., H. & Co., the bankrupts' Seattle correspondent, where a deposit amounting to $1,042.51 was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

maintained. Claimant accepted the draft, whereupon the bankrupts charged the amount to claimant's account and credited it to the account of D., H. & Co. The bankrupts suspended November 15, 1907, and claimant's draft was not presented for payment to D., H. & Co. until the 18th, when payment was refused and the balance of the bankrupts' deposit with them was paid to the bankrupts' receiver, who mingled it with other funds which he turned over to the bankrupts' trustee. *Held*, that the drawing of the draft did not constitute an equitable assignment of any part of the deposit of the bankrupts in the hands of D., H. & Co., nor was it made so by the false representations of the bankrupts' manager or the entry of the transaction on the bankrupts' books, so as to entitle the claimant to a preference.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 99–105; Dec. Dig. § 50.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Jacob Yungbluth and August W. Schafer, copartners doing business as Bank of Hamilton, Jacob Yungbluth & Co., Proprietors, etc. On petition to review a referee's order denying the preference to William Tiede, as claimant. Affirmed.

Coleman & Gable, of Sedro-Wooley, Wash., for claimant.
Hadley, Hadley & Abbott, of Bellingham, Wash., for trustee.

CUSHMAN, District Judge. This matter is for decision upon review of the referee in bankruptcy's order denying the preference claimed. The claimant, William Tiede, on November 6, 1907, had on deposit in the bank of the bankrupts $695, $400 of which was an open deposit, and the remaining $295 was in certificates of deposit. On said day the bank had in its vaults in cash $448.84. The bank was insolvent. This fact was known to its officers, but was unknown to claimant. Claimant was desirous of securing $400 to enable his son-in-law to pay off a mortgage. The manager of the bank informed claimant that he did not have the money, but said he would give him a draft, as good as money. The manager gave claimant a draft on Dexter, Horton & Co., bankers in Seattle, for $400, and informed him that he could get the money from Dexter, Horton & Co., upon which the bank charged claimant $400 and credited the account of Dexter, Horton & Co. with the sum of $400. On said day the bankrupts had on deposit with Dexter, Horton & Co. $1,042.51.

On the 15th day of November, 1907, in the state court, a receiver of the bankrupts was appointed and qualified, at which time a balance was shown on the books of the bankrupts with Dexter, Horton & Co. of $20.83. On the 18th day of November, 1907, the draft given claimant was presented for payment to Dexter, Horton & Co. and payment refused. At all times from the 6th of November until the 18th, when the draft was presented, there was more than sufficient money in the hands of Dexter, Horton & Co. to pay said draft. Dexter, Horton & Co. were never notified by the bankrupts, nor at all, to refuse payment of the draft.

On the 30th of November, 1907, the receiver withdrew from the bank of Dexter, Horton & Co. $675.13, which funds were commingled

with other funds coming into the hands of the receiver and by him turned over to the trustee in bankruptcy.

Claimant relies upon the following authorities: Steller v. Coates, 88 Mo. 514; St. Louis v. Johnson, 5 Dill. 242, Fed. Cas. No. 12,235; In re Johnson (Sherwood v. Central Mich. Sav. Bank) 103 Mich. 109, 61 N. W. 352; Cook v. Tullis, 18 Wall. 332, 21 L. Ed. 937; Gardner v. Nat. City Bank, 39 Ohio St. 601; Fourth St. Nat. Bank v. Yardley, 165 U. S. 633, 17 Sup. Ct. 439, 41 L. Ed. 855; Donaldson v. Farwell, 93 U. S. 631, 23 L. Ed. 993; Eaton & Gilbert on Commercial Paper, p. 638, § 169.

The trustee relies upon the following authorities: Nelson v. Nelson Bennett Co., 31 Wash. 116, 71 Pac. 749; Wadhams v. Portland, etc., Ry. Co., 37 Wash. 86, 79 Pac. 597; Rem. & Bal. Code, §§ 3517, 3579.

[1] The Washington law provides:

"A bill of itself does not operate as an assignment of the funds in the hands of the drawee available for the payment thereof, and the drawee is not liable on the bill unless and until he accepts the same." Section 3517, Rem. & Bal. Code; title 357, § 253, Pierce's Code (1912).

"A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder unless and until it accepts or certifies the check." Section 3579, Rem. & Bal. Code; title 357, § 377, Pierce's Code (1912).

Under this statute the Supreme Court of the state of Washington has declined to recognize an equitable assignment upon the giving of a check against a general fund on deposit and has held the drawee is not liable upon a bill of exchange unless and until he accepts the same. Wadhams v. Portland, etc., Ry. Co., 37 Wash. 86, 79 Pac. 597; Nelson v. Nelson Bennett Co., 31 Wash. 116, 71 Pac. 749. The general rule is that the issuance of a draft, in itself, does not, in the absence of any unusual circumstances attending its issuance, act as an assignment of the funds in the bank drawn upon.

[2] In the present case there are no such unusual circumstances attending the transaction as to warrant a finding that there was any intention on the part of either the bankrupts or claimant to make this an exception to the general rule. The claimant did not part with anything on the strength of the representation that the bankrupts had money on deposit with Dexter, Horton & Co. There was no representation of having a specific amount there on deposit; nor is any intention on the part of claimant shown to release the bankrupts from liability upon the acceptance of the draft on Dexter, Horton & Co.— a liability existing in case of refusal by the drawee.

It is urged that the false representation by the manager of the bank to the claimant, to the effect that it did not have sufficient cash to pay him the $400 at the time he requested it was such a fraudulent representation as to effect an equitable assignment pro tanto of the deposit with Dexter, Horton & Co. Obviously this is not the case. So far as the evidence shows, claimant would not have obtained any advantage if he had been told the truth—that the bank was then insolvent. The bank already had his money and was merely his debtor. As above pointed out, he parted with nothing on the strength of the representation.

The delay in presenting the draft to Dexter, Horton & Co.—from November 6th to November 18th—is inconsistent with any intention to assign a part of such a fund as that with the Dexter, Horton & Co.'s bank, upon the representation that the bankrupts did not have the $400 required by claimant. The fact that, upon the issuance of the draft, claimant was charged with $400 and Dexter, Horton & Co. was credited with a like amount, is not significant. If the bankrupts kept any books, they could do no less.

In the case of Fourth Street Bank v. Yardley, 165 U. S. 634, 17 Sup. Ct. 439, 41 L. Ed. 855, it was pointed out that the banks involved in that case were dealing, not as one having a deposit with the bank, but as strangers, and that, upon the representation of the drawer that it had on deposit with the drawee bank a certain sum, money was advanced. Under those circumstances, a finding of an equitable assignment was justified.

In the case of In re Johnson (Sherwood v. Central Michigan Savings Bank) 103 Mich. 109, 61 N. W. 352, a trust was impressed upon the money in the bank, because it was not a general deposit, but was made special by reason of instructions given, that the amount realized should not be credited to the depositor's account, but that the bank should notify him immediately upon the collection, so that he could withdraw the same.

The referee's decision is affirmed.