## Littieri, Appellant, v. Freda.

*Evidence — Witnesses — Ejectment—Cross-examination—Relevancy and materiality—Discretion of court—Harmless error—Declarations of parties—Oral contracts—Res gestæ—Memorandum.*

1. The range of a cross-examination must to a considerable extent be left to the sound discretion of the trial judge and unless

that discretion has been plainly abused to the injury of the party complaining it is not ground for reversal.

2. Declarations which accompany and are part of the fact or contract in controversy and tend to illustrate or explain it, such transaction itself being admissible, are also admissible as being so connected as to be a part of such fact or transaction.

3. Entries made by private parties, in the ordinary course of their business, are admissible in evidence if they are contemporaneous with the facts to which they relate, and if they are made by parties having personal knowledge of the facts, and are corroborated by their testimony.

4. In an action of ejectment to recover possession of land alleged to have been conveyed in fraud of creditors, in which one question at issue is whether or not defendant had paid a certain amount in cash at the time of the delivery of the deed, it is not an abuse of discretion for the court to exclude inquiries addressed to the original owner of the property, on cross examination, as to what he did with the money after he received it.

5. In such a case it is not error for the court to refuse to permit plaintiff to ask the defendant upon cross-examination where he obtained the money with which he paid off certain liens against the property in question and whether he had the money at the time or obtained it by loan, where there is no offer to show that such money came from the grantor and defendant was not even asked whether the money which he used for such payment belonged to the grantor or was his own; and this is particularly true where the excluded questions came after a long examination and cross-examination in which the subject had been fully covered.

6. In such a case a witness, who was defendant's attorney in the matter of the settlement and in the conveyance of the properties in question, is competent to testify as to statements made to him by the grantor in the presence of the defendant as showing the terms of the verbal contract; and the written memorandum made by the witness at the settlement is admissible as corroborative of his testimony and as part of the transaction.

7. In such a case the action of the court in overruling an objection to a question of defendant's counsel addressed to plaintiff under cross-examination does not constitute reversible error where it does not appear that the plaintiff was injured by the answer.

*Ejectment—Conveyance—Fraud on creditors—Motive of grantor —Court and jury—Instructions.*

8. In an action of ejectment to recover possession of land alleged to have been conveyed in fraud of creditors it is not error for the

court to refuse points submitted by the plaintiff where such points make the question of fraud depend entirely on the motive of the grantor and an affirmance would have been in effect an instruction to the jury that if it found that grantor's motives were dishonest the deed was void even though the grantee acted in perfect good faith.

9. In such a case a point raised by the plaintiff is properly refused where such point is predicated on the fact of an insolvent debtor making a conveyance in part payment of his debts, but reserving a benefit for himself, and there is nothing in the case to show that the conveyance in question was not absolute and there was no reservation of anything to the grantor.

10. In such a case where plaintiff claims under a purely legal title and does not assert an equitable title, the principles covering cases of equitable ejectment do not apply and a conditional verdict may not be rendered.

*Appeals—Assignments of error—Failure to except.*

11. Assignments of error complaining of rulings of the trial judge will not be considered where it does not appear that any exceptions to such rulings were taken at the trial.

Mr. Justice STEWART dissents.

Argued Feb. 25, 1913. Appeal, No. 229, Jan. T., 1912, by plaintiff, from judgment of C. P. Lackawanna Co., Sept. T., 1909, No. 471, on verdict for defendant in case of E. M. Littieri v. Antonio Freda. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Ejectment for land situated partly in Scranton City and partly in the Borough of Dunmore. Before HEYDT, P. J., specially presiding.

The opinion of the Supreme Court states the case.

The plaintiff presented certain points, which with the answers, were as follows:

"One who is indebted cannot transfer his property to another for the purpose of defeating his creditors, so if the jury believe that the property in dispute in this case was transferred to Freda, the defendant, by Girardi, for the purpose of hindering or delaying unsecured creditors from collecting their claims, the transfer would be

void, and in such case the verdict should be for the plaintiff in this case.

Answer: This point is refused and not read. (11)

A conveyance intended to hinder and delay creditors is fraudulent as to them, though made upon an adequate consideration; so even if the jury should find that the conveyance to Freda was made upon an adequate consideration, still if it was made for the purpose of hindering, delaying or defrauding the other creditors of the seller, then the conveyance would be void and the verdict should be in favor of the plaintiff.

Answer: This point is refused and not read. (12)

Where an insolvent debtor makes a conveyance in part in payment of his debts, but reserving a benefit to himself, this conveyance is void as against creditors who do not assent to it; so that even if the jury should find that Girardi was indebted to Freda; that the consideration of the conveyance was in part to pay debts of Girardi, but that there was an arrangement of some kind that Girardi was to have a benefit out of the property, then this conveyance would be void as to other creditors, who did not assent to the arrangement, and in such case the verdict should be for the plaintiff.

Answer: This point is refused and not read. (13)

Even if the jury should find that the conveyance was made by Girardi to Freda in good faith, and without any fraudulent intent to hinder or delay any creditors of Girardi, and should find that there was an agreement whereby Girardi retained an interest in the land, and was to have it subject to the debts intended to be secured by the transfer, then Mr. Littieri, the plaintiff, as purchaser at a sheriff sale would be entitled to the interest of Girardi in the property, as it was at the time it was sold at sheriff's sale.

Answer: This point is refused and not read. (14)

If the jury find that under some arrangement between Girardi and Freda, the conveyance was made to Freda in good faith to secure Freda, for a certain in-

debtedness to himself and to others, and that at the time there was an agreement whereby Girardi was to retain an interest in the land above the amount required to pay all such indebtedness to secure which the transfer was made, then as purchaser at sheriff's sale the plaintiff acquired the interest of Girardi in the land, and would be entitled to a verdict conditioned upon the payment of such sums to Freda as the jury shall find from the evidence would be sufficient to cover all the debt to secure which the transfer was made.

Answer: This point is refused and not read. (15)

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned,* among others, were rulings on evidence and (11 to 15) answers to points.

*A. A. Vosburg,* with him *James J. O'Malley* and *P. C. Foley,* for appellant.

*J. P. Kelly,* of *O'Brien & Kelly,* with him *Taylor & Lewis,* for appellee.

OPINION BY MR. JUSTICE POTTER, May 12, 1913:

In this action of ejectment, the issue was framed under the provisions of the Act of June 10, 1893, P. L. 415, to try the title to certain real estate situated in Lackawanna County, partly in the City of Scranton and partly in the Borough of Dunmore. The real estate in question belonged to one Vito Girardi prior to July 9, 1908, and on that date he conveyed it to the defendant Freda by deed duly executed, acknowledged and delivered, which was recorded on the following day. On the day after the deed was delivered, and on the same day it was recorded, July 10, 1908, a judgment for $300 was entered in the Court of Common Pleas of Lackawanna County, by Alexander Popoli against Vito Girardi. Execution was issued on this judgment against

the property conveyed to defendant, and it was condemned and sold by the sheriff as the property of Girardi. It was purchased by Littieri, the plaintiff in this case, for $150, and a sheriff's deed to him was duly acknowledged and recorded. Plaintiff was a brother-in-law, and was also a creditor of Girardi. The property conveyed was heavily encumbered. Plaintiff alleged that the conveyance to defendant was not a bona fide transaction, but was without consideration and was intended to defraud Girardi's unsecured creditors, and he averred that the title still remained in Girardi, and that the property was therefore subject to the Popoli judgment under which it was sold. Defendant claimed to have paid a total consideration of $13,000 for the property, including the encumbrances against it, an indebtedness of Girardi to him of $2,750, the sum of $1,700 paid in cash when the deed was delivered and $700 paid in cash subsequently. Defendant maintained that these items constituted a full and fair price for the property, and denied that there was any arrangement by which he was to hold it for Girardi or that the latter retained any interest in it. The trial in the court below resulted in a verdict for defendant, on which judgment was subsequently entered. Plaintiff has appealed.

From the record it appears that Vito Girardi who was the original owner of the property in question, and was also the defendant in the judgment on which the sheriff's sale was had, testified at the trial that when the deed was delivered to the defendant Freda, the latter paid him $1,700 in cash as part of the consideration. Upon cross-examination plaintiff's counsel asked the witness what he did with this money, and whether or not he put it in bank. Objections to these questions were sustained by the trial judge on the ground that they were not cross-examination and were irrelevant and immaterial. These rulings are the subject of the first, second and fourth assignments of error. It appears from the record, that when these excluded questions were asked, the

witness had already been subjected to a long cross-examination. The question at issue was, whether or not defendant paid him $1,700 in cash when the deed was delivered. The relevancy of an inquiry as to what he did with the money after he received it, is not apparent. We are not convinced that there was any abuse of discretion upon the part of the trial judge in sustaining defendant's objection to these questions. In Quigley v. Thompson, 211 Pa. 107, the present Chief Justice said (p. 109): "While the general principles applicable to the subject are clearly defined, it is in practice often difficult to determine the exact limits of proper cross-examination. Its range must of necessity rest largely in the discretion of the trial judge." That statement applies aptly to the present case, and these assignments are therefore dismissed.

In the third assignment of error complaint is made of the exclusion of a question put by plaintiff's counsel on cross-examination; but the record shows that the question was answered by the witness before the objection was offered, and no motion to strike out the answer was made. In the fifth assignment of error counsel for appellant complain of the admission in evidence of a blank judgment, note book produced by one of the witnesses. In neither of these assignments, the third or the fifth, does it appear that any exception was taken to the ruling of the trial judge of which complaint is made, and reference to the notes of testimony shows that no exception was taken to either of the rulings in question. These assignments will therefore not be considered.

In the sixth and seventh specifications it is alleged that the trial judge erred in refusing to permit counsel for plaintiff to ask the defendant Freda on cross-examination where he obtained the money with which he paid off the liens against the property conveyed to him by Girardi, and whether he had the money on hand at the time, or obtained it by loan. These questions were objected to as immaterial and as not being cross-examina-

tion, and the objections were sustained. It would perhaps have been better to have allowed these questions to have been answered. Where there is an allegation of fraud the door should be opened wide to the admission of evidence. But there was practically no dispute as to the fact that Freda paid to Girardi in cash the balance of the purchase money which was due to him at the time the deed was delivered. This appears from the testimony of Freda, Girardi, Mr. Lewis the attorney who had charge of the matter, and Mr. Taylor his partner. The questions which were excluded did not relate to this money paid by defendant to Girardi when the deed was delivered. Reference to the notes of testimony shows that the questions referred to the money used in paying off liens against the property conveyed after the cash payments had been made to Girardi, and after the deed had been delivered. It does not seem to be material where defendant got the money for the latter purpose; that is, for the payment of the various liens against the property, so long as it did not come from Girardi. There was no offer to show this, and defendant was not even asked whether the money which he used for the payment of liens belonged to Girardi or was his own. If such a question had been asked it would have been admissible. The excluded questions came after a long examination and cross-examination in which the subject had been quite fully covered, and we cannot see that the disallowance of these questions amounted to material error. The range of a cross-examination must to a considerable extent be left to the sound discretion of the trial judge, and unless that discretion has been plainly abused to the injury of the party complaining, it is not ground for reversal. We do not see that there was any such abuse of discretion in this case, or that it is apparent that the appellant was injured. These specifications are therefore not sustained.

In the eighth assignment of error complaint is made of the overruling of objections to a question of defend-

ant's counsel addressed to plaintiff when under cross-examination, as to the amount he paid for a judgment for $133 against Girardi, which he had purchased. The relevancy of this testimony is not apparent, but it does not appear that plaintiff was injured in any way by the answer to the question, and its admission does not therefore amount to reversible error.

The ninth specification alleges error in the admission of the testimony of the witness W. R. Lewis, who was defendant's attorney in the matter of the settlement with Girardi, and in the conveyance of the properties, as to statements made to him by Girardi in the presence of defendant, with reference to the judgments and mortgages on record against him, the amounts due thereon, and as to the amounts for which settlement could be made. Plaintiff's case rests upon the allegation that the conveyance by Girardi to defendant was not made in good faith, and was without consideration, and in fraud of creditors. As the witness Lewis was present when Girardi and defendant made their bargain, which was verbal only, we think he was entirely competent to testify as to the terms of the contract, and as to what was said by the parties when it was made. In 1 Elliott on Evidence, par. 537, it is said: "Declarations, which accompany and are a part of the fact or transaction in controversy and tend to illustrate or explain it, such transaction itself being admissible, are also admissible as being so connected as to be a part of such fact or transaction." In 11 Am. & Eng. Ency. L. (2d Ed.) 523, it is said: "Declarations or acts accompanying any act or transaction in controversy and tending to explain or illustrate it are received in evidence as part of the res gestæ." Under these principles we think the evidence of Mr. Lewis was properly admitted.

Further complaint is made in the tenth assignment that the trial court erred in admitting in evidence a memorandum made by the witness Lewis at the settlement, showing the figures according to which the settle-

ment between Girardi and the defendant was made. The paper was admitted in evidence against the objection of counsel for plaintiff. The statement was clearly admissible in connection with the testimony of the witnesses as showing the details of the settlement between the parties. It corroborates the testimony of defendant and of Girardi and of Lewis. It was not offered as being evidence in itself of the facts set forth in the paper, but in corroboration of the testimony of Mr. Lewis, and as part of the transaction between Girardi and the defendant. In 9 Am. & Eng. Ency. L. (2d Ed.) 901, it is said: "It has been stated as a general rule that entries made by private parties, in the ordinary course of their business, are admissible in evidence if they are contemporaneous with the facts to which they relate, and if they are made by parties having personal knowledge of the facts, and are corroborated by their testimony." The paper here in question falls within this rule, and it was properly admitted for the purpose for which it was offered.

The assignments of error from the eleventh to the fifteenth inclusive are to the refusal of the first, third, fourth, fifth and sixth points for charge submitted by plaintiff. These points were all refused without being read. The first and third of these points were properly refused, for the reason that they made the question of fraud depend entirely upon the motive of the grantor. As counsel for appellee suggest, an affirmance of these points would have been in effect an instruction to the jury that if they found that the grantor's motives were dishonest the deed was· void, even though the grantee acted in perfect good faith. The controlling principle in such a case is stated in Reehling v. Byers, 94 Pa. 316, where it is said (p. 322) : "In this we must look to the motive of the creditor, and if that was honest and lawful, the intent of his debtor does not enter into the question. As was said by Mr. Justice COULTER, in Scott v. Heilager, 14 Pa. 238, 'One man cannot be prejudiced by

the fraud of another, of which he has no notice, nor opportunity of receiving notice.' " The fourth point was properly refused for the reason that it was predicated upon the fact of an insolvent debtor making a conveyance in part payment of his debts, but reserving a benefit himself. In the present case there was nothing to show that the conveyance was not absolute, and there was no reservation of anything to the grantor. The fifth and sixth points were properly refused for the reason that, as suggested by counsel for appellee, they contemplated the rendering of a conditional verdict. It is only in an action of equitable ejectment that a conditional verdict can be rendered. The present action is in no sense an equitable ejectment, for the plaintiff claims under a purely legal title. In McKendry v. McKendry, 131 Pa. 24, Mr. Chief Justice PAXSON said (p. 36) : "The action of ejectment is often a substitute for a bill in equity, and we have in our practice what is known as an equitable ejectment. It is used constantly to enforce specific performance of contracts for the sale of real estate, and in some other instances. It is a convenient and plastic remedy, and more speedy than a bill in equity." In Riel v. Gannon, 161 Pa. 289, Mr. Justice DEAN said (p. 293) : "An equitable ejectment in this State is a substitute for a bill in chancery, to enforce specific performance of a contract for the sale of land." But in the case at bar the plaintiff is asserting a legal title to the land which he claims to have acquired by his deed from the sheriff. He does not assert an equitable title, nor do the principles governing cases of equitable ejectment apply to this situation. We know of no case in which a suit like the present one has been treated as an equitable ejectment, in which a conditional verdict may properly be rendered.

The assignments of error are all overruled, and the judgment is affirmed.

MR. JUSTCE STEWART dissents and would sustain the

assignments of error alleging that counsel were not given sufficient scope in cross-examination.