WILLIAM E. HIBBARD vs. PAUL PARCIAK ET AL

First Judicial District, Hartford, March Term, 1920.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

A builder's written order upon the owners called for the payment of
   $200 to the drawee, payable on the last sum due the builder on
   the contract—which provided for no payments in advance of com-
   pletion,—and the owners' agent gave the drawee a receipt de-
   cribing the order received, and also orally promised to pay the
   same if there were money due the builder according to the terms
   of the contract upon the completion of the building. Held:—
1. That to entitle the plaintiff drawee to recover he must show, first,
   that the designated fund upon which the order was drawn came
   into existence, and second, that the order was accepted by the
   defendants' agent either unconditionally or upon conditions ful-
   filled; and that inasmuch as the trial court had found as a fact
   that nothing ever became due to the builder after the order was
   given, there could be no recovery by the drawee.
2. That the written receipt, certainly, failed to show an unconditional
   acceptance, it being nothing more than an acknowledgment of
   the reception of the order; while the parol testimony of an un-
   conditional acceptance, offered by the plaintiff, was distinctly
   contradicted, thus leaving it competent for the trial court to find,
   as it did, that there was no such acceptance.
"Acceptance," as used in respect to the relations of a drawee to either
   negotiable or nonnegotiable paper, signifies something more than
   an acknowledgment of the physical possession of the paper. It
   imports the assumption of an undertaking. This may be assumed
   in the customary and conventional form, or in some other form
   indicative of an intent to do so; but the mere retention of the order
   does not of itself evidence acceptance, and may be, as in the pres-
   ent case, much more reasonably explainable upon other grounds.

Argued March 3d—decided April 17th, 1920.

ACTION to recover the amount of a written order for
$200, drawn upon and alleged to have been accepted by
the defendants, brought to and tried by the Court of
Common Pleas in Hartford County, Smith, J.; facts
found and judgment rendered for the defendants, and
appeal by the plaintiff. No error.

January 6th, 1914, the defendants entered into a written contract with one Lifchitz for the construction by him of a house on a lot owned by them. The pertinent provisions of this contract were the following: "That said Lifchitz agrees to furnish and perform all the labor required for carpenter and mason work in the erection of a house for the said Parciaks on their lot on North Street in accordance with a plan for said house drawn by C. E. Cory, architect, except as modified herein. It is understood and agreed that the labor herein specified and to be performed by said Lifchitz includes the carpenter work, mason work, chimney and the placing of plaster boards. The said Lifchitz agrees to do said work for $1,000. . . . It is further understood and agreed that all materials used in said building shall be as specified by said Parciaks. The said Lifchitz further agrees and covenants with the said Parciaks that the labor herein contracted for and the materials which the said Lifchitz is required to handle, namely: the material for cellar and chimney, plaster board and the lumber required for said building in the aggregate shall not cost in excess of $1,900, and that if said labor and materials shall exceed the sum of $1,900, then the excess over said sum of $1,900, shall be borne by said Lifchitz, and may be deducted by said Parciaks from said sum of $1,000."

The defendants appointed William S. Hyde to act for them in all the business connected with the construction under the contract and in the performance thereof. Lifchitz thereupon entered upon the execution of the contract, and on March 30th, 1914, was engaged therein. Prior to that date the defendants had paid to him $300 on account of the contract. On that date Lifchitz, being indebted to the plaintiff in the sum of $200 and more, made and delivered to him an order upon Hyde for $200, reading as follows: "Please pay to

W. E. Hibbard two hundred dollars ($200) on last pay due me on Stephen Parciak contract and deduct the same from amount due." On the same day the plaintiff presented the order to Hyde, who, at the plaintiff's request, gave him a receipt therefor signed by him, which was in the following language: "Received of W. E. Hibbard order of D. Lifchitz for $200 to be deducted from Parciak payment." At the same time Hyde told the plaintiff that he would acknowledge receipt of the order, and pay the same if there were money due Lifchitz at the completion of the job according to the terms of the contract. At the last named date there was no money due to Lifchitz, and none became due to him on the contract thereafter. The construction of the house was completed before August 1st, 1914, and the same accepted by the defendants. Lifchitz was paid nothing under the contract, and earned nothing thereunder after March 30th, 1914. No payment has been made to the plaintiff upon the order.

*Harry M. Burke*, for the appellant (plaintiff).

*Herbert O. Bowers*, for the appellees (defendants).

PRENTICE, C. J. The plaintiff, drawee of an order drawn upon one Hyde, the financial agent of the defendants, seeks to recover its amount from the latter as its acceptors by the hand of Hyde. The order was one drawn upon a designated fund. To entitle the plaintiff to recover it was incumbent upon him, therefore, to show (1) that there was or came to be such a fund, and (2) that the order was accepted by the defendants either unconditionally or upon conditions fulfilled.

The fund upon which the order was drawn, as appears

on its face, was the last payment due Lifchitz, the drawor, upon a certain building contract which he, as builder, had entered into with the defendants. The court has found that no money was due Lifchitz on the day the order was drawn, and that thereafter, although the building was completed according to the contract before August 1st, 1914, nothing became due to him. This finding negatives the existence at any time of the designated fund, and, unless made erroneously, presents an insurmountable obstacle to the plaintiff's recovery.

Lifchitz contracted to perform the masonry and carpenter work involved in the construction of the building. The terms of the contract, which was in writing, were unusual in that he was to be paid not a fixed sum but a flexible and contingent one, to wit, $1,000 less such amount as the total cost of the building, including both material and labor, should exceed $1,900. The maximum sum which could become due Lifchitz under the contract was, therefore, $1,000. This amount, however, was subject to a reduction by the excess of the material and labor cost over $1,900. The uncontradicted evidence shows that $300 had been paid Lifchitz on account before the order was drawn, that thereafter the defendants paid or became obligated to pay $1,503.14 for material which entered into the construction of the building, and that they were further compelled to pay $386.22 to workmen who were engaged in the completion of the structure and who, employed and unpaid by Lifchitz, filed notices of liens upon it. As the contract provided for no payments in advance of completion, it is manifest that the court was justified in making the finding recited.

If, perchance, this were not so, the plaintiff faces another equally serious obstacle to his recovery in the court's refusal to find an unconditional acceptance by the defendants of the order, either oral or written, or an

acceptance which was not conditioned upon there being money due and payable to Lifchitz when the house was completed. The plaintiff excepts to this refusal, and relies, in support of his exception, upon the testimony given by the plaintiff of an unconditional acceptance by parol, and upon a writing admittedly given and claimed to be such acceptance. The parol testimony offered to establish an unconditional acceptance was distinctly denied, and it was quite competent for the court to find, as it did, that there was no such acceptance. The writing relied upon also falls far short of showing an unconditional acceptance. It is only an acknowledgment of receipt of the order containing language descriptive of the thing received. Were it susceptible of a different construction, the testimony before the court as to what was said and done at the time it was made and given was open to the court for its consideration in the determination of its true import, and furnishes ample foundation for the court's conclusion that it did not evidence an acceptance. *Cook* v. *Baldwin*, 120 Mass. 317, 319.

"Acceptance," as used in respect to the relations of a drawee to either negotiable or nonnegotiable paper, signifies something more than an acknowledgment of the physical possession of the paper. It imports the assumption of an undertaking. Such an undertaking may be assumed in the customary and conventional form, or in some other form indicative of intent to do so. Here the conventional form of acceptance was not employed, nor was the language even remotely indicative of an engagement to pay the order according to its tenor. Acceptance may, of course, be implied from conduct clearly indicative of an intention to accept, but such conduct is not present here. The only thing which could be pointed out as tending in that direction is the retention of the possession of the order by Hyde. Such

retention, however, does not of itself evidence acceptance, and in the present case is much more reasonably explainable upon other grounds. *Overman* v. *Hoboken City Bank*, 31 N. J. L. 563, 565; *Holbrook* v. *Payne*, 151 Mass. 383, 386, 24 N. E. 210; Norton on Bills & Notes, 135.

There is no error.

In this opinion the other judges concurred.