(No. 5620. December 24, 1930.)

McLAUGHLIN'S STORE and E. E. McLAUGHLIN, Respondents, v. H. B. COPEMAN, Appellant.

[294 Pac. 523.]

Edward H. Berg and Ezra R. Whitla, for Appellant.

Wm. D. Keeton, for Respondents.

VARIAN, J.—Appellant Copeman owned certain timber lands in Benewah county and contracted with one Ray Thomas, who was to pay the expenses, to log for him, paying therefor a certain price per thousand feet. In his operations, Thomas incurred indebtedness for labor, groceries, gasoline and other expenses connected with his logging

operations. The labor and some other bills were paid by Thomas by orders on Copeman. Thomas purchased provisions from respondent McLaughlin and gave him an order, some time in October, 1929, on Copeman for $1,014.02, which included some assigned labor claims amounting to over $300, which order appellant did not pay. Thereafter Copeman and Thomas, on November 15, 1929, at Coeur d'Alene, reached a settlement of all their accounts except sums due from Thomas for compensation insurance, the amounts of which were unknown at that time. At Copeman's request, Thomas then drew an order on Copeman to pay respondent the sum of $630.69, the amount owed him by Thomas, and Copeman drew his check, payable to the order of McLaughlin, on the American Trust Company bank at Coeur d'Alene, for that sum, and delivered the same to Thomas who handed it to respondent at his place of business at St. Maries after banking hours on the following day. The next day was Sunday, and on that day appellant called respondent on the telephone and advised him that he had made a mistake; that he owed Thomas nothing and would stop payment on the check, which he did.

Respondent deposited the check with the Lumbermen's State Bank & Trust Company at St. Maries on Monday, November 18, 1929, and on the 20th of November, 1929, the check was protested for nonpayment. Respondent then brought this action on the check, alleging, among other matters:

"That said check was given the plaintiff by defendant in payment of a certain written order executed by Ray Thomas directed to defendant, H. B. Copeman, in payment of an indebtedness owed the plaintiff."

Appellant answered and admitted that respondent was engaged in business at St. Maries under the name of McLaughlin's Store; denied the check was given to respondent by appellant, or any other person, in payment of any order executed by Thomas to appellant in payment of any indebtedness due respondent; admitted the check was not paid and that payment had been stopped thereon; alleged that the

check was not issued as an acceptance of any order of Thomas previously presented; that the check was issued under the erroneous impression that appellant owed Thomas money; that he discovered on November 17, 1929, that there was in fact no money due Thomas; that said check was issued wholly by mistake and was without consideration. The answer further alleged that Thomas was also of the opinion, at the time the check was issued, that there was money due him from appellant.

The cause was tried to a jury, and resulted in a verdict for the amount of the check and $3 protest fees. Defendant Copeman appeals from the judgment.

The first twelve assignments of error relate to the admission of evidence. Appellant had testified in effect that there was no settlement of the accounts between Thomas and himself on the night of November 15, 1929. Over objection, respondent was permitted to introduce, as an exhibit, a letter dated November 16, 1929, from appellant to a George O'Dwyer at St. Maries, in which he refers to O'Dwyer's claim against Thomas. It reads in part as follows:

"Your letter of the 15th at hand, and I will say that I have had a partial settlement with Ray Thomas this week, and I would have willingly given him a cheque to pay you, but I dare not do it until he has a settlement with Eugene Ware, for I had signed an agreement last summer to pay Ware what was due Thomas after the gasoline and groceries and labor had been paid."

The letter was properly admitted to contradict appellant's statements. (22 C. J., p. 905, sec. 1106.)

Thomas testified that there had been a settlement between appellant and himself of all matters except certain premiums due for workmen's compensation insurance, which appellant denied. Over objection of appellant, the court admitted in evidence a memorandum made by Thomas at the time of the alleged settlement showing the items of the account as they had finally agreed upon. The memorandum was admissible as corroboration of Thomas' testimony that there had been a partial settlement between him and Cope-

man. (*Revicre v. Powell,* 61 Ga. 30, 34 Am. Rep. 94; *Littieri v. Freda,* 241 Pa. 21, 88 Atl. 82; *Taplin v. Clark,* 89 Vt. 226, 95 Atl. 491.)

The remaining assignments of error in this group have been carefully examined and checked with the record and found to be without merit.

■ Respondent had made several attempts to get admitted in evidence an order by Thomas on appellant to pay respondent $1,014.02, the record not showing it had ever been presented to and accepted by appellant. In sustaining an objection to its being again offered near the close of the trial, the court remarked "I don't see the materiality of it; he did pay the other order," referring to the order for $630.69, dated November 15, 1929, and for which the check was given, all testified to by appellant. Under the evidence as disclosed by the record, the remark was not prejudicial to appellant; and, at any rate, there was no exception taken to the alleged prejudicial matter at the trial. (38 Cyc., pp. 1324, 1325; 3 C. J., pp. 806, 807, sec. 727; *Compton-Gardena Milling Co. v. McCartney,* 69 Cal. App. 231, 231 Pac. 764.)

The next eight assignments of error relate to instructions given by the court. We deem it necessary to note a few of them only. The order given by Thomas to appellant, at or before the time the check to respondent was made, reads:

"Coeur d'Alene, Idaho, Nov. 15, 1929.

"Mr. H. B. Copeman please pay to the order of McLaughlin store in full to date for my own persnal Bill the sum of $630.69 Six hundred Thirty dollars and 69/100 and charge same to my account.

"RAY THOMAS."

■ ■ The court instructed the jury as to what constitutes a bill of exchange as defined by statute (C. S., sec. 5993); that the above order is a bill of exchange under this statute; that the giving of a check is a sufficient acceptance thereof; that to be deemed a holder one need not be in the actual possession of the instrument; it may be in the possession of another if it is held for his use and benefit,

or is held by another as trustee. Under the evidence to the effect that respondent was in possession of a similar order for a greater amount, and that, at appellant's request, the above order was issued as constituting the correct amount due McLaughlin, and upon which the check in controversy was issued, the court did not err in his instructions 3 and 5. Appellant cannot complain of want of delivery of the second order to McLaughlin. He waived it by accepting the order and giving the check to Thomas for delivery to McLaughlin. (8 C. J., p. 331, sec. 505.)

In instruction No. 6 the court told the jury, in effect, that if they found that McLaughlin was not a holder in due course, his right to recover was subject to the defense that there was no consideration for the execution and delivery of said check. Appellant objects to this instruction because it does not refer to the instrument specifically, and that it cannot be determined whether the court referred to the check or acceptance. Read in connection with the entire charge, the instruction clearly refers to the check, and this assignment is without merit.

Appellant assigns as error the giving of instruction No. 8, to the effect that if the jury found that the order of November 15, 1929, was delivered by Thomas to appellant for the use and benefit of McLaughlin, and appellant agreed to pay the same and accepted it and delivered the check therefor to Thomas, and the latter delivered it to McLaughlin in payment of his indebtedness to McLaughlin, respondent was entitled to recover. It is contended that there is nothing in the record to show that Thomas delivered, or appellant accepted, the order for respondent's benefit. Considering that Copeman knew that McLaughlin already had an order for a greater amount; that Thomas was indebted to McLaughlin and the purpose of the interview was to settle the accounts between them, which involved determining what Thomas owed, the instruction was warranted.

Appellant complains of instruction No. 9 as virtually an instruction to find for respondent. It reads:

"You are instructed that if the defendant accepted the order of Nov. 15, 1929, either by giving the check in payment thereof, or by holding the same for more than 24 hours without returning it to the holder, then he became personally liable for the full amount thereof and it is no defense to this action that he was not indebted to Thomas, and if he accepted the order in either way I have described to you for an acceptance thereof, he is not entitled to defend the action on the ground of failure of consideration and under such circumstance this defense should not be considered by you."

The instruction, under the facts of this case, was correct. We have examined the assignments relative to the other instructions given, and find them without merit.

It follows that the proposed instructions asked by appellant, to the effect that if the jury found the check was issued by mistake, and that there was not due from Copeman to Thomas the amount for which it was issued, plaintiff was not entitled to recover, unless it further appeared that there was some money due Thomas at the time the check was issued, "and in that event only such amount as was due him," were properly refused. The last assignment, to the effect that the evidence does not support the verdict, is without merit, and fails to set forth in what particulars the evidence is insufficient.

Appellant cites cases to the effect that the payee of a negotiable instrument is not a holder in due course under the Uniform Negotiable Instruments Law. It must be conceded that there are two lines of authority on this question, and that this court has apparently adopted the view that under certain circumstances the payee may become the holder in due course of a negotiable instrument. (*Redfield v. Wells*, 31 Ida. 415, 173 Pac. 640; *Utah State Nat. Bank v. Stringer*, 44 Ida. 599, 258 Pac. 522.) For exhaustive notes upon this subject, see the 1930 edition of the Uniform Negotiable Instruments Act in Uniform Laws Annotated, vol. 5, at page 300, and 15 A. L. R. 437.

This court held in *Consolidated Wagon & Machine Co. v. Housman*, 38 Ida. 343 (349), 221 Pac. 143:

"A payee who takes a note for past indebtedness, in which a blank has been wrongfully filled out, is not a holder in due course, within the meaning of the section in the Negotiable Instruments Law requiring blanks to be filled according to instructions, but providing that, if such instrument is, after completion, negotiated to a holder in due course, he may enforce it as if it had been filled up strictly in accordance with the authority given."

In the case at bar, we are not dealing with the case of a blank instrument subsequently filled in not according to instructions. The instrument was payable to respondent's order, and the check, delivered to him, was payable to his order, and was not given for any indebtedness, past or present, due from appellant to respondent, who is in the same situation as though the check were made payable to Thomas and by him indorsed and delivered to respondent.

Appellant further argues that there has been a material variance between the order plead and the proof, contending that up to the time of the trial respondent was without knowledge of the existence of the order for $630.69; that, as appellant did not accept the previous order for $1,014.02, not in evidence, there was no proof to sustain the allegations of the complaint as to the check being issued in payment of a written order. We cannot agree with these contentions, and hold that the allegations of the complaint were broad enough to sustain proof of said order for $630.69. Having requested the second order to be given, appellant cannot now complain of its legal effect.

The order for $630.69 is a bill of exchange under section 126 of the Uniform Negotiable Instruments Act (C. S., sec. 5993). (*Lewis, Hubbard & Co. v. Morton*, 80 W. Va. 137, 92 S. E. 252; *Plaza Farmers' Union Warehouse & Elevator Co. v. Ryan*, 78 Wash. 124, 138 Pac. 651; *American Luxfer Prism Co. v. Bartolicius Star Iron Works, Inc.*, 152 N. Y. Supp. 1014.)

After delivering the check, appellant retained possession of the bill up to the time of the trial. Under C. S., sec. 6004 (section 137 of the Uniform Act), if the

drawee refuses, within twenty-four hours after delivery of the bill to him, to return the bill accepted or not accepted, he will be deemed to have accepted the same. (*Wisner v. First Nat. Bank,* 220 Pa. St. 21, 68 Atl. 955, 17 L. R. A., N. S., 1266; *First Nat. Bank v. Citizens' Bank,* 163 La. 919, 113 So. 147; *Blackwelder v. Fergus Motor Co.,* 80 Mont. 374, 260 Pac. 734; 5 Uniform Laws Annotated, 1930 ed., p. 669 et seq.) Again, acceptance "imports the assumption of an undertaking," and may be "implied from conduct clearly indicative of an intention to accept," although the statute requires the acceptance to be in writing. (*Hibbard v. Parciak,* 94 Conn. 562, 109 Atl. 725; *Wisner v. First Nat. Bank, supra; Southern Creosoting Co. v. Chicago & A. R. Co.,* (Mo.) 205 S. W. 716.) The fact that appellant asked that the order be given, and that he promptly wrote and gave his check to Thomas to deliver to McLaughlin in payment thereof, unequivocally shows his acceptance of the bill. Indeed, Copeman's request to Thomas to draw the bill amounted to an acceptance thereof. (8 C. J., p. 316, sec. 486.)

We find no error. Judgment affirmed. Costs to respondent.

Givens, C. J., and Lee and McNaughton, JJ., concur.