OLDS MOTOR WORKS *v.* FIRST STATE SAVINGS BANK OF
MORENCI.

1. BANKS AND BANKING—CUSTOMS AND USAGES—LOCAL CUSTOM—
NOTICE.
   Drawee bank receiving check for collection is not excused by
   local banking custom from reporting cause preventing col-
   lection, where interested outsiders had no knowledge thereof.

2. SAME—DUTY OF DRAWEE BANK ACCEPTING COLLECTION.
   Drawee bank is required to exercise reasonable care and dili-
   gence in making collection from drawer, for whom it also
   acts, and from whose account it cannot pay his checks as
   collection agent if he directs otherwise.

3. SAME—LIABILITY OF BANK PAYING AFTER NOTIFICATION TO STOP
PAYMENT.
   Generally, if bank pays check after it has been notified to stop
   payment, it pays on its own responsibility, and will not be
   permitted to charge amount thereof against depositor's ac-
   count.

4. SAME—CHECK BUT ORDER TO PAY.
   Check is but order on bank to pay out money from depositor's
   account.

5. SAME—DRAWER MAY STOP OR DELAY PAYMENT.
   Drawer of check may, before presentation to bank, stop pay-
   ment altogether or delay payment until he gives direction
   to pay.

6. SAME—DAMAGE MUST RESULT FROM NEGLIGENCE TO WARRANT
RECOVERY.
   Negligence of drawee bank receiving check for collection in not
   reporting cause preventing collection does not warrant recovery
   of damages therefor unless proofs establish loss occasioned
   thereby and extent thereof.

7. SAME—COLLECTING BANK NOT OBLIGED TO USE COERCION.
   Collecting bank is not obliged to employ coercion in forcing
   collection of check.

On burden of showing damage for negligence of collecting bank,
see annotation in 1 L. R. A. (N. S.) 250.

8. SAME—EVIDENCE—LIABILITY FOR FAILURE TO COLLECT.
    That payee collected another check from drawer by coercion does not establish liability of collecting bank for negligence in failing to report cause preventing collection.

9. SAME—BURDEN OF PROOF.
    In action against collecting bank for failure to collect check, burden is on plaintiff not only to prove negligence on part of defendant, but also amount of loss sustained as result thereof.

10. SAME—NEGLIGENCE—DUTY OF COLLECTING BANK.
    Drawee bank in accepting check for collection assumed duty to use ordinary and reasonable efforts and diligence in procuring payment.

11. SAME—NEGLIGENCE ISSUE OF FACT.
    Whether collection of check could have been made and was not made because of want of reasonable diligence on part of defendant bank, *held*, issue of fact.

Appeal from Lenawee; Rathbun (G. Arthur), J. Submitted January 20, 1932. (Docket No. 209, Calendar No. 36,136.)   Decided April 4, 1932.

Case by Olds Motor Works, a Michigan corporation, against First State Savings Bank of Morenci for negligence in making collection of a check. Judgment for defendant. Plaintiff appeals. Affirmed.

*J. Earle Brown*, for plaintiff.

*Chandler & Culver*, for defendant.

WIEST, J.   This is an appeal by plaintiff from a judgment holding defendant bank not guilty of negligence or want of diligence in making collection of a check, to plaintiff's damage.

April 11, 1930, Virgil Hunt gave plaintiff his check for $698.38, drawn on defendant bank. This check in due course was deposited by plaintiff with

a Lansing bank, and, by the Lansing bank, sent through the Detroit branch of the Federal Reserve Bank of Chicago to defendant bank for collection. The check was protested for nonpayment and notice thereof sent. The check was then returned to the Lansing bank. Within a few days Mr. Hunt telegraphed plaintiff to return the check to defendant bank for collection, and it was returned by the Lansing bank and remained, without payment, with defendant bank for 25 days, and was then returned to the Lansing bank, and, several days later, again sent to defendant bank where it remained, without collection, for several weeks and was finally returned to the Lansing bank uncollected.

Ordinarily the check would not have been sent to the bank upon which it was drawn, but defendant bank is the only bank in Morenci. Mr. Hunt promised to pay, and, at least on one occason, had sufficient credit in his deposit account to do so, but the bank officers could not satisfy the check out of his deposit as it was charged with other use, and Mr. Hunt directed nonpayment.

When defendant bank received the check for collection the drawer's deposit was insufficient to meet it, and the check was protested and thereafter, when deposits were sufficient, the drawer directed nonpayment. This fact should have been at once communicated to the payee or to the bank in which the payee had deposited the check. This was not done, and defendant's excuse for not doing so is based on a local banking custom to continue collection endeavors without report of the attitude of the drawer and his interference with collection if he promises to pay. The custom was not known in banking circles outside of a limited area, and did not free defendant from promptly reporting the cause preventing col-

lection. The local custom remained local and not determinative of duty toward outsiders without knowledge thereof. The drawee bank is required to exercise reasonable care and diligence in making collection from the drawer, for whom it also acts and from whose account it cannot pay his check as collection agent if he directs otherwise.

A statement of a few rules will aid in determining some of the issues in this case:

"A bank, receiving a check for collection, whether directly from a depositor or from some other bank, must use ordinary care and diligence in taking the steps necessary to accomplish collection." Brady on Bank Checks (2d Ed.), p. 429.

"In general, if a bank pays a check after it has been notified to stop payment, it pays on its own responsibility and will not be permitted to charge the amount of the check against the depositor's account." Brady on Bank Checks (2d Ed.), p. 364.

A check is but an order on a bank to pay out money from the depositor's account. The drawer of the check may, before presentation to the bank and payment thereof, stop payment altogether, or direct the withholding of payment until he gives direction to the contrary.

Defendant may be found negligent in not informing its correspondent bank of the circumstances hindering and delaying collection and thereby affording other action to be taken, or sanction of a waiting policy, but such a finding does not warrant damages unless the proofs establish loss occasioned thereby and the extent thereof.

Plaintiff held another check, given by Hunt for about $700, and sent a collector to Morenci to obtain payment from Hunt. It is evident that coercion was exercised in forcing collection. Defendant bank

was not obligated to employ any such means, and payment of another check by reason of such means does not establish liability of defendant for not affording plaintiff an opportunity to employ like means in the case of this check, for it is evident that nothing less would have exacted payment.

The burden was on plaintiff, not only to prove negligence on the part of defendant, but also the amount of loss in fact sustained as a result of that negligence. See *Bank of Keo* v. *Bank of Cabot,* 173 Ark. 1008 (294 S. W. 49), where it was so held, and authorities to such effect cited.

Defendant, in accepting the check for collection, assumed the duty to use ordinary and reasonable efforts and diligence in procuring payment. The defendant is not liable unless it is made to appear that collection could have been made, and was not made, because of want of reasonable effort and diligence on defendant's part. This issue was one of fact and determined adversely to plaintiff by the circuit judge.

We find no showing that defendant's delay in reporting inability to make collection resulted in actual loss to plaintiff. The negligence, if any, in sending the check to the drawee bank for collection, and the right of the payee to bring suit against the defendant are questions not here presented or determined.

The judgment is affirmed, with costs to defendant.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.