FLORIDA CITRUS EXCHANGE, Appellant, *v.* UNION TRUST COMPANY OF ROCHESTER, Respondent.

Fourth Department, March 13, 1935.

*Richard H. Wile*, for the appellant.

*William M. Fay* and *Harold V. Potter*, for the respondent.

LEWIS, J.   Plaintiff sues to recover a loss alleged to have resulted from a failure by the defendant trust company to exercise ordinary care in the collection of a check.   Passing other points raised by the appellant we shall consider only the assignment of error which goes to the propriety of a ruling by the trial court granting defendant's motion for a nonsuit and dismissal of the complaint at the close of plaintiff's evidence.

Prior to 1929 there existed a confusing lack of uniformity in the rules of law applicable to the collection of checks by banks.   In an effort to codify these rules and to adjust the law to modern banking practices, various State Legislatures adopted what is commonly known as the Uniform Bank Collection Code.   By chapter 589 of the Laws of 1929 our own Legislature enacted such code which was added to the Negotiable Instruments Law as article 19-A.   (*Jones* v. *Board of Education, Town of Pelham*, 242 App. Div. 17, 21, 23.) Included therein are two sections which are pertinent to our inquiry and provide in part:

" § 350-a.   Bank as agent for collection.   * * *   where an item is deposited or received for collection, the bank of deposit shall be agent of the depositor for its collection and each subsequent collecting bank shall be sub-agent of the depositor but shall be authorized to follow the instructions of its immediate forwarding bank and any credit given by any such agent or sub-agent bank therefor   shall be revocable until such time as the proceeds are received in actual money or an unconditional credit given on the books of another bank, which such agent has requested or accepted."

"§ 350-d. Duty and responsibility of bank collecting agents. It shall be the duty of the initial or any subsequent agent collecting bank to exercise ordinary care in the collection of an item and when such duty is performed such agent bank shall not be responsible if for any cause payment is not received in money or an unconditional credit given on the books of another bank, which such agent bank has requested or accepted. An initial or subsequent agent collecting bank shall be liable for its own lack of exercise or [*sic*] ordinary care but shall not be liable for the neglect, misconduct, mistakes or defaults of any other agent bank or of the drawee or payor bank."

From these two sections comes the rule that a bank which receives a check for collection from a depositor or a forwarding bank, becomes the agent or subagent, as the case may be, of the depositor for the purpose of such collection; it is authorized to follow the instructions of its immediate forwarding bank and may incur liability upon proof of its own failure to exercise ordinary care in the performance of the duties of such agency. Commenting upon the scope of this rule it has been said: "Viewing the drawee as an agent of the owner of the item, it would seem that it could be made to respond in damages * * * for delaying to collect payment from itself as drawee, assuming the item was duly presented and the drawer's account was sufficient." ("Bank Collections," Roscoe B. Turner, 39 Yale Law Journal, 468, 475.)

On November 14, 1933, plaintiff deposited with the Bank of Buffalo Branch of The Marine Trust Company of Buffalo, hereinafter called the forwarding bank, a check drawn by the firm of Schwartz & Yates upon the defendant trust company in the amount of $507.78, which was at once forwarded to the defendant for payment. On November 17, 1933, plaintiff was notified by the forwarding bank that the check had been protested and returned because of insufficient funds. This fact prompted plaintiff to communicate at once with Schwartz & Yates, who in turn advised the return of the check to the defendant trust company as drawee. Although the check was returned to the defendant on November 17, 1933, no further advices came to the plaintiff in reference to it until December 6, 1933, when the defendant, responding to a tracer sent out by the forwarding bank, returned the check as uncollected.

Upon the trial the plaintiff sought to establish defendant's failure to exercise its statutory duty of ordinary care in the collection of the check by presenting evidence afforded by defendant's ledger account with Schwartz & Yates from which it appeared that from November 18 until December 4, 1933, while the check in question was in the possession of defendant as plaintiff's subagent for the

purpose of collection, there were balances on each day, except two, sufficient in amount to permit payment of the check. After December 4, 1933, these balances were gradually reduced until December 30, 1933, when the firm of Schwartz & Yates was adjudicated bankrupt. The check was never paid.

The defendant argues that the balances standing to the credit of Schwartz & Yates upon defendant's ledger during the period mentioned above, included items in the process of collection and accordingly were not in fact true balances. In that connection it is to be noted that counsel for defendant, on cross-examination of defendant's assistant secretary, called by plaintiff, developed the fact that " the balance stated [in the ledger account] at the close of any particular day is the sum left when the transactions incident to that day, whether checks or credits or both, have been handled." It also appears of record that during the period from November 18 to December 4, 1933, a number of substantial withdrawals were made from the account of Schwartz & Yates by checks in amounts exceeding that of the check of which plaintiff was the payee and defendant was its subagent for the purpose of collection. However, if we assume, as defendant claims, that its ledger entries do not show true balances, that is a matter for proof by the defendant by which the presumption which favors the correctness and regularity of the ledger entries, made in the usual course of business, may be overcome. It becomes a question of fact.

There is also proof by the plaintiff that the letter dated November 17, 1933, by which the forwarding bank returned the check in question to the defendant, contained a notation in fine black print: " Return at once if not paid." The plaintiff contends this notation constituted a direction by the forwarding bank to the defendant as its subagent, and that evidence showing that defendant failed to return the check in question at once constituted *prima facie* proof that defendant failed to perform its statutory duty to follow the instructions of its immediate forwarding bank. As to this evidence defendant calls attention to the fact that when it received the letter of November 17, 1933, it also bore a notation stamped thereon in purple ink: " Items listed hereon should be treated as collections." The defendant contends this latter notation permitted it to delay the return of the check during the period of collection. It is at once apparent that both parties attach importance to the evidence comprised within the letter of transmittal dated November 17, 1933; there is a sharp controversy as to what direction it conveyed. The question is subject to proof by both parties, which may require evidence of banking custom and other factors bearing upon intent.

These are controversial matters which relate themselves directly to the underlying question in the case whether the defendant discharged the statutory duty imposed upon it by sections 350-a and 350-d of the Negotiable Instruments Law. The controversy is factual and accordingly is within the province of the jury. (*Standard Trust Co.* v. *Commercial National Bank*, 240 Fed. 303, 308, 309.)

We conclude the trial court was in error in granting defendant's motion for a nonsuit and dismissal of the complaint at the close of plaintiff's evidence. It follows the judgment from which appeal is taken should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.