**FIDELITY AND DEPOSIT COMPANY
OF MARYLAND, a corporation,
Plaintiff,**

v.

**IDAHO BANK & TRUST COMPANY, a
corporation, Defendant.**

No. 2137.

United States District Court
D. Idaho, E. D.

Jan. 5, 1959.

Merrill & Merrill, Pocatello, Idaho, for plaintiff.

Holden, Holden & Kidwell, Idaho Falls, Idaho, for defendant.

TAYLOR, District Judge.

Plaintiff, as the assignee or subrogee of the Casper National Bank of Casper, Wyoming, seeks to recover losses allegedly suffered by the Casper National Bank as the result of a check kiting operation involving some eight checks deposited with the Casper National Bank.

The complaint alleges that each of the said checks were drawn by one Jesse M. Chase on the defendant Idaho Bank and Trust Co., with Jesse M. Chase, Casper, Inc., as payee. These checks were deposited to the credit of the named payee at the Casper National Bank, and were by said bank thereafter forwarded by mail directly to the Idaho Bank and Trust Co. for collection.

The complaint is in eight counts. The first count concerns two checks alleged to have been deposited with the Casper National Bank on June 4, 1957; the second count concerns two checks alleged to have been deposited with the Casper Bank on June 6, 1957; the third count concerns two checks allegedly deposited on June 7, 1957; the fourth count concerns two checks allegedly deposited on June 8, 1957. The final four counts are in the alternative to the first four.

The defendant has moved to dismiss on the ground that each of said eight counts fails to state a claim upon which relief can be granted. The cause is presently before the Court on said motions.

Each of the first four counts alleges that the defendant was negligent in the performance of its duties as a col-

lecting bank in the collection of the specified checks. These counts are premised on the theory that a drawee bank, in addition to its duties as a paying agent for the drawer, occupies the status of a collecting agent for the holder or forwarder of collection items forwarded directly to such drawee bank. It is admitted that if this theory is correct the first four counts each state a claim. In support of its motions to dismiss these four counts the defendant contends that a drawee bank cannot occupy such a dual status and can only owe a duty to the drawer whose funds it has on deposit. On this question the authorities are in conflict.

It is stated in Vol. 2, Paton's Digest (1940) Collection § 17, p. 1305, that:

> "It is generally held that a drawee bank, to which a collection item has been forwarded direct, is a collecting agent for the forwarder as well as a paying agent for the drawer. As such, it is bound to the forwarder to obey collection instructions; to present, protest, and report dishonor promptly; and to make collection if the drawer's account is sufficient, unless the drawer has stopped payment."

See also Exchange Bank of Wheeling v. Sutton Bank, 78 Md. 577, 28 A. 563, 23 L.R.A. 173; Standard Trust Co. of New York v. Commercial National Bank, 4 Cir., 1917, 240 F. 303; First National Bank of Murfeesboro v. First National Bank of Nashville, 127 Tenn. 205, 154 S.W. 965; Olds Motor Works v. First State Savings Bank of Morenci, 258 Mich. 269, 241 N.W. 813; City of Miami v. First National Bank of St. Petersburg, Fla., 5 Cir., 58 F.2d 561; Florida Citrus Exchange v. Union Trust Co. of Rochester, 244 App.Div. 68, 278 N.Y.S. 313.

Idaho seems to have subscribed to this dual agency theory in Davison v. Allen, 47 Idaho 405, 276 P. 43, 68 A.L.R. 856. While the Bank Collection Code was adopted in Idaho subsequent to the Davison case, nothing in the Bank Collection Code appears to be particularly inconsistent with the application of the dual agency theory. This theory has been applied under the Bank Collection Code in Florida Citrus Exchange v. Union Trust Co. of Rochester, supra.

This Court is of the opinion that each of the first four counts states a claim.

Although a motion was made to dismiss the fifth count it was not argued in the briefs of defendant and it is apparently conceded and this Court believes that it states a claim.

██ Each of counts Six, Seven, and Eight, is based on the theory that under Section 27–1006, Idaho Code [§ 137, Negotiable Instruments Act], a check delivered for payment is accepted if the drawee bank fails to return the same as non-accepted within 24 hours after its receipt.

By what seems to be a strained construction of § 137, a number of courts have construed that section to mean that the mere retention by the drawee of a check presented for payment for more than a 24 hour period constitutes an acceptance thereof. Among others see Wisner v. First Nat. Bank, 220 Pa.St. 21, 68 A. 955, 17 L.R.A.,N.S., 1266; Blackwelder v. Fergus Motor Co., 80 Mont. 374, 260 P. 734; Miller v. Farmers State Bank of Arco, 165 Minn. 339, 206 N.W. 930; First State Bank of Talihina v. Black Bros. Co., 187 Okl. 124, 101 P.2d 802. On the other hand, a number of courts have refused to apply § 137 to checks and other demand bills unless the presentment was for acceptance and not for payment. Kentucky Title Sav. Bank & Trust Co. v. Dunavan, 205 Ky. 801, 266 S.W. 667; First Nat. Bank of Winnsboro v. First Nat. Bank of Quitman, Tex.Com.App., 299 S.W. 856; First Nat. Bank of Omaha v. Whitmore, 8 Cir., 1910, 177 F. 397; Urwiller v. Platte Valley State Bank, 164 Neb. 630, 83 N.W.2d 88. The reasoning in these cases is preferable to those holding that mere retention of a check presented for payment for more than 24 hours constitutes an acceptance thereof.

In McLaughlin's Store v. Copeman, 50 Idaho 214, 294 P. 523, the Court, under

the facts of that case, held as correct an instruction to the effect that mere retention of a bill of exchange by the drawee for more than 24 hours constituted an acceptance of the same. However, the general application of such a holding to the situation of a check delivered by mail directly to a drawee bank for collection and payment seems dubious. In Davison v. Allen, supra, the Idaho Court indicated that no liability on a collection item should attach to a drawee bank acting in the dual capacity of collecting agent for the holder and as drawee until such drawee bank had taken some affirmative action in regard thereto. At page 413 of 47 Idaho, at page 46 of 276 P., the Court states:

"The correct rule is thus stated in First National Bank v. First National Bank, 127 Tenn. 205, 216, 154 S.W. 965, at page 968: 'Where the drawee is acting in the dual capacity of collecting agent of the holder and as drawee, there can be no acceptance by delivery until the bills are passed through the books of the bank, charging the account of the drawer and crediting the account of the remitting bank, and making a completed transaction.' "

In addition, it should be noted that the Bank Collection Code was enacted in Idaho subsequent to the decision rendered in the case of McLaughlin's Store v. Copeman, supra. It has been stated that § 7 of the Bank Collection Code [26–1507, Idaho Code] should be construed so as to preclude liability on the part of a drawee by the mere retention of an item received by mail under either a theory of acceptance or a theory of payment. In Vol. 1, Paton's Digest, 1940, Acceptance, § 7:2(11), p. 16, it is stated:

"Much of the above discussion may be academic in those states which have adopted the Bank Collection Code. The usual situation in which the problem of acceptance by mere retention confronts a bank is where the bank receives a check or other draft by mail. Even if the bank be construed as holding the check not as agent for the holder but as drawee, § 7 of the Bank Collection Code seems to preclude acceptance by mere retention of an item received by mail:

" 'Where the item is received by mail by a solvent drawee or payor bank, it shall be deemed paid when the amount is finally charged to the account of the maker or drawer.'

"Although the statute uses the word 'paid' rather than 'accepted,' the purpose of the draftsman of the code was to use 'paid' in a broad sense to include the act of acceptance as well as the act of payment. This point has not been tested in the courts. If they follow the draftsman's intention, the code eliminates acceptance by mere retention, since there can be no acceptance until the affirmative act of charging the drawer's account is performed, at least unless there is less equivocal evidence than that afforded by mere retention. This rule under the Code should not prove to be a hardship to a holder, since he is entitled at any time to demand the return of the instrument, and in addition may hold the bank for loss attributable to misconduct as agent."

This appears to be a reasonable interpretation of § 7 of the Bank Collection Code, particularly in view of the statement of the Idaho Court in the Davison case.

It is the conclusion of this Court that the mere retention of checks received by a drawee bank for collection and payment for a period in excess of 24 hours does not constitute an acceptance thereof; and, therefore, each of Counts Six, Seven, and Eight of the plaintiff's complaint fails to state a claim upon which relief may be granted.

In accordance with the foregoing it is ordered: That defendant's motions to dismiss Counts One through Five be, and each hereby is denied; that defendant's motions to dismiss Counts Six through Eight be, and each hereby is granted.