## John Meyer & Sons, Inc. v. Rhea

*Robert Galanter,* for plaintiff.
*Doyle Rhea,* defendant, p.p.

MIHALICH, *J.,* August 6, 1976—The proceeding before this court arises upon a judgment entered November 14, 1974, before Magistrate Harmon J. Lauffer in favor of defendant, Doyle Rhea, trading as Doyle Rhea Plumbing, and against plaintiff, John Meyer & Sons, Inc. The judgment was entered upon plaintiff's failure to appear and prosecute its case.

Plaintiff, John Meyer & Sons, Inc., shall hereinafter be referred to as "Meyer" and defendant, Doyle Rhea, as "Rhea."

Meyer appealed the magistrate's judgment by timely filing its complaint with the Westmoreland County Prothonotary, and service thereof was made upon Rhea by mail on December 17, 1974. Rhea, without the assistance of counsel, filed answer to Meyer's Complaint on January 6, 1975, but failed to serve a copy upon Meyer.

On February 17, 1975, Meyer, being without notice of the filed, but unserved answer, had entered a default judgment in the amount of $380.98.

Meyer initiated execution proceedings, whereupon Rhea filed a petition for stay of judgment and obtained an order of court dated June 6, 1975, staying the execution pending the issuance of a rule upon Meyer to show cause why the judgment should not be opened and Rhea let into a defense. The record reveals an issuance of a rule by the Westmoreland County prothonotary, but not service of it or the petition upon Meyer.

No further action was taken by the parties until the matter was praeciped for argument by Meyer on January 22, 1976. It is upon Rhea's unserved petition and Meyer's praecipe for argument that this matter comes before this court for review.

The limited issue to which consideration will be addressed by this court is whether Rhea's filing of an answer without service thereof is deemed a sufficient responsive pleading to proclude the entry of a default judgment. The requirement and manner of service of the answer in question is prescribed by Pa. R. C. P. 1027, which provides as follows:

"Rule 1027. Service of Copies

"A party filing a pleading, other than a complaint by which action is commenced or a complaint used as alternative process as provided by

Rule 1010(e), shall forthwith serve it on every other party.

"(1) by leaving a copy for or mailing a copy to him at the address endorsed on an appearance or prior pleading of the party, but if there is no such endorsement, then

"(2) by leaving a copy for or mailing a copy to him at the residence or place of business of the party or the address of the party's attorney of record, but if there is no such residence or place of business and no attorney of record, then

"(3) by leaving a copy for him with the prothonotary of the court in which the action was commenced for the use of the other party."

The authority for entry of a default judgment is founded upon Pa. R. C. P. 1037 which provides, in pertinent part, as follows:

"Rule 1037. Judgment Upon Default or Admission. Assessment of Damages

"(a) . . .

"(b) The prothonotary, on praecipe of the plaintiff, shall enter judgment against the defendant for *failure to file* within the required time an answer to a complaint which contains a notice to defend or for any relief admitted to be due by the defendant's pleadings. The prothonotary shall assess damages for the amount to which the plaintiff is entitled if it is a sum certain or which can be made certain by computation, but if it is not, the damages shall be assessed at a trial at which the issues shall be limited to the amount of the damages." (Emphasis supplied.)

It is interesting to note that Pa. R. C. P. 1037 authorizes the entry of the default judgment only where defendant has *failed to file* an answer to a complaint. The rule is silent as to the conse-

quences of failing to serve a copy of an answer upon the adverse party; nor does Pa. R. C. P. 1027, prescribing the manner of service, impose any penalty for failure to serve such pleading.

The factual situation before this court presents a unique procedural issue, no doubt a result of Rhea's failure to obtain the assistance of counsel in defense of this matter. Although the Rules of Civil Procedure suspend the prior Practice Act, they nevertheless continue prior practice in many areas. Under prior practice, where an affidavit of defense had been filed in the prothonotary's office, but a copy not served upon plaintiff or his attorney, the prothonotary lacked the authority to enter a judgment against defendant for want of an affidavit of defense. The same rule should prevail under the procedural rules with respect to default judgments, in that Rule 1027 covering the service of copies does not provide for a penalty upon failure to do so: 4 Standard Pa. Pract. §121, 201. An attorney failing to observe the rule exposes himself to criticism and possible censure by the court. Apart from this, no direct attack may be made on the pleading itself on the ground that there has been delay in serving the copy or that the copy was not, in fact, served: 2A Anderson Pa. Civ. Prac. §1027.2.

In Bushong v. Evans, 2 D. & C. 51 (1922), a case decided under the former Practice Act, the Chester County Court of Common Pleas held that where an affidavit of defense has been filed with the prothonotary, but a copy not served upon plaintiff, the prothonotary was without power to enter judgment for plaintiff, stating, at page 51:

"That the prothonotary was without authority to enter the judgment 'for want of an affidavit of de-

fense' is, we think, clear. When he entered the judgment for the reason he did, there was on file in his office defendant's affidavit of defense drawn in accord with the Practice Act of May 14, 1915, P.L. 483, and when this affidavit was filed, and it was filed in time, the case was 'at issue' and was ready for trial . . . It is the act of filing the affidavit that raises the issue. Nowhere in the act is service of the affidavit made a prerequisite to raising the issue, and it must follow that, when an issue is thus presented, no judgment can be entered unless the affidavit of defense be successfully attacked for lack of substance under the 17th section of the act, and then judgment can be entered by 'the court.'

" . . .

" 'The judgment for want of an affidavit is a judgment for default, and if there is no default at the time it is entered, it is irregular and void:' Bordentown Co. v. Restein, 241 Pa. 30. It is clear, therefore, that the default here, upon which the judgment should have been directed, if it can have any basis whatever, was not one of which the prothonotary could take cognizance. There was no 'want of an affidavit of defense,' and, therefore, no default upon which he could act. When the judgment was entered, he was confronted with an affidavit of defense previously filed, and, whether filed in time or out of time, he could not act: Fuel City Manuf. Co. v. Waynesburg Products Corp., 268 Pa. 441."

Rhea's petition for stay of judgment raises a defect which is a matter of record. Under such circumstances, the appropriate relief is a petition to strike off judgment: 7 Standard Pa. Pract. 188. This court shall so treat Rhea's petition for the purpose of disposing of this matter. A review of the

record confirms that the answer was filed on January 6, 1975, one full month prior to the entry of the default judgment by Meyer. The judgment was entered by the prothonotary without authority; consequently, it is subject to being struck off by this court. Notwithstanding the unusual procedural state of the record, once Rhea's answer was filed, this case was at issue. Accordingly, this proceeding is to be remanded for hearing before the Westmoreland County Board of Arbitration.

Rhea should consider himself fortunate the current Rules of Civil Procedure do not authorize the entry of a default judgment upon a failure to serve an answer. Rules of court are an integral part of our judicial system in providing for the orderly development and disposition of disputes. A failure to comply with such rules can serve to deny either a plaintiff or defendant of his day in court. If Rhea feels compelled to continue in his own defense, he must do so realizing his inadvertent errors have resulted in needless delay and vexation to plaintiff and its counsel. Rhea may freely proceed in defense of his case, but he must do so at his own peril, without outcry of a denial of justice should another error prove fatal to his case.

Notwithstanding the inadvertent error in failing to serve the answer and petition and noting Rhea's attention to the foregoing admonition, the court enters the following order:

## ORDER OF COURT

And now, August 6, 1976, the judgment entered on February 7, 1975, in the above proceedings is hereby vacated, the prothonotary to so note the vacation on the judgment docket and the case remanded for hearing before the Westmoreland County Board of Arbitrators.